PEOPLE v. KOWATCH.

1. CRIMINAL LAW—EVIDENCE—TESTIMONY AS TO ANOTHER CRIME CLOSELY LINKED WITH ONE CHARGED.

In prosecution for robbery armed, evidence that, after defendant robbed male companion, he took young woman from car, took her some distance away, and he and his companions criminally assaulted her, was competent; rule excluding evidence of any crime other than that charged not being applicable when crimes are so closely linked together as in instant case.

2. SAME—TRIAL—PROSECUTOR'S OPENING STATEMENT—OTHER OFFENSES.

In prosecution for robbery armed, statement by prosecuting attorney that people would show that, after robbing male companion, defendant took young woman from car, took her some distance away, and he and his companions criminally assaulted her, was not error, although court subsequently refused to receive said evidence, and instructed jury to forget it.

On evidence tending to show other crime closely linked with one charged, see annotation in 43 L. R. A. (N. S.) 670; L. R. A. 1917D, 388.

As to right for purpose of cross-examination to inspect paper used by witness to refresh memory, see annotation in 22 L. R. A. (N. S.) 706; 68 A. L. R. 694.

3. SAME—REFRESHING RECOLLECTION FROM NOTE BOOK—CROSS-EX-
AMINATION.

Where police officer, testifying in robbery armed case, refreshed
his recollection from note book used by police officers, and
court permitted defendant's counsel to examine book and use
it for purpose of cross-examination, permitting him to intro-
duce in evidence all memoranda that referred to defendant's
case, it was not reversible error to refuse permission to intro-
duce preceding page, showing that entries were not made in
chronological order, where witness admitted said fact.

Appeal from Recorder's Court of Detroit; Stein
(Christopher E.), J.   Submitted April 14, 1932.
(Docket No. 165, Calendar No. 36,048.)   Decided
June 6, 1932.

Charles Kowatch was convicted of robbery armed.
Affirmed.

*Edward H. Kennedy,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S.
Toy,* Prosecuting Attorney, and *Edmund E. Shep-
herd,* Assistant Prosecuting Attorney, for the
people.

McDONALD, J.   The defendant has appealed from
a judgment of conviction under an information
charging him with robbery armed.

The people's testimony shows that about 11
o'clock in the evening of February 4, 1929, one Carl
Smith and a young woman named Nellie Tucker
were sitting in a parked car at the corner of Drexel
and Korte avenues in the city of Detroit.   The win-
dows of the car were up and the door on the side
next to the driver's seat was locked.   Three men,
Barberi, Hainesworth, and the defendant came
alongside in a Ford roadster and stopped.   Defend-

ant and Barberi got out. Defendant walked to the door where Smith sat and inquired as to certain directions. After receiving the information he demanded that Smith open the door. Instead of doing so, Smith started his motor and attempted to drive away. Defendant broke in the glass, beat Smith over the head with a revolver and relieved him of his watch and money. Then he and Barberi dragged Miss Tucker from the car, forced her into the Ford roadster and drove away. Smith went to her assistance and was beaten into unconsciousness by the defendant. Barberi and Hainesworth were witnesses for the people on the trial. They admitted their part in the assault and identified the defendant as the principal participant. He was a witness in his own behalf, and in his testimony denied all knowledge of the affair and disclaimed any acquaintance with Barberi and Hainesworth.

In his opening statement to the jury the prosecuting attorney stated:

"We will further show you that this man took this girl out of that car, and took her some distance from the place of this robbery and all three criminally assaulted that girl, and after criminally assaulting her they left her."

Immediately after this statement, counsel for the defendant moved for a mistrial. The court denied the motion but subsequently refused to receive the evidence and instructed the jury to forget it.

It is the contention of the defendant that the statement was so prejudicial that it could not be cured by the court's instruction.

In this he is probably right, but we are of the opinion that testimony of the assault upon the girl was competent. It was so closely connected with the

robbery as to be a part of the same transaction. Mr. Barberi testified that it was the defendant who dragged the girl from the car and pushed her into the Ford roadster. Smith and the young woman were together when the defendant attacked them. He robbed the man and raped the woman. The fact' that he took her apart from the place of the robbery to accomplish the rape did not disconnect it from the other event. His criminal assault upon her began when he dragged her out of the car. It is a fair inference that he intended to commit both crimes. Of course robbery and rape are separate and distinct offenses, and the general rule excludes evidence of any other crime than that charged in the information; but the rule does not apply when the crimes are so closely linked together as they are in this case. There was no error in the prosecutor's statement.

George Roth, a police officer, was a witness for the people. He testified that he had gone to the defendant's home on several occasions and was not able to find him. On his direct examination he refreshed his recollection from a note book used by police officers. The defendant's counsel was allowed to examine the book and on three different occasions during his cross-examination offered it in evidence. The offer was refused, but the court permitted him to introduce the page relating to the subject of the testimony. Counsel also offered in evidence the preceding page, which showed that the entries were not made in order of time. This offer was refused, and defendant alleges refusal was error.

The court permitted defendant's counsel to examine the book and use it for the purposes of cross-examination. He permitted him to introduce in

evidence all memoranda that referred to the defendant's case. He might properly have allowed the preceding page, which counsel offered in evidence, but its rejection was not harmful. It only would have shown that the entries in the book were not in chronological order and that fact the witness admitted.

Errors are assigned to limitations placed on counsel in his cross-examination of witnesses and to the charge of the court. We have carefully examined all of the questions raised and find no reversible error. They require no discussion.

The judgment of conviction is affirmed.

CLARK, C. J., and SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. POTTER and NORTH, JJ., concurred in the result.