PEOPLE *v.* SAVAGE.

1. Intoxicating Liquors—Criminal Law—Evidence—Res Gestæ
   —Evidence of Another Crime.

   In a prosecution for the unlawful possession of one pint
   of whisky, testimony that defendant, after his arrest and
   while on the way to the police station, threw from his auto-
   mobile another bottle containing moonshine whisky was
   admissible as part of the *res gestæ;* proof of such act not
   being rendered inadmissible by the fact that it may tend
   to show the commission of another crime.

2. Same—Testimony as to Smell of Liquor Admissible.

   Testimony by a witness that he smelled the liquor found
   in defendant's possession, and in his opinion it was moon-
   shine whisky, *held,* admissible, since the sense of smell,
   as well as that of taste, may be used to determine the in-
   toxicating nature of a liquid.

3. Appeal and Error—Exceptions—Argument of Prosecutor—
   Saving Question for Review.

   Exceptions to alleged improper remarks of the prosecut-
   ing attorney in the trial of a criminal case will not be
   considered, on error, where the record shows that no
   ruling thereon was asked for or obtained.

4. Intoxicating Liquors — Trial—Assumption That Interrup-
   tion by Police Officers was Not Prejudicial.

   Where police officers, during the charge of the court,
   entered the court room and placed a basket and a box of
   bottles beside the table where the prosecutor sat, presuma-
   bly to be used in the next case, an act which the court
   characterized as an entirely inexcusable interruption, it
   must be assumed that the jurors were possessed of ordi-
   nary intelligence and that they knew that the basket and
   bottles had nothing to do with the case being submitted
   to them, and that defendant was not prejudiced thereby.

Error to Ingham; Carr (Leland W.), J.    Submitted
October 11, 1923.    (Docket No. 122.)    Decided
November 13, 1923.

Richard Savage was convicted of violating the liquor law, and sentenced to imprisonment for not less than 6 months nor more than 1 year in the State prison at Jackson.     Affirmed.

*Thomas A. Lawler* and *John F. Berry,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Barnard Pierce,* Prosecuting Attorney, for the people.

SHARPE, J.     Defendant reviews by writ of error his conviction and sentence on a charge of unlawfully having in his possession one pint of intoxicating liquor.     It appears from the proofs that Police Officer Purchase saw an automobile driving along Grand avenue in the city of Lansing without lights; that he stopped it, and found the defendant at the wheel. Two other men were riding in the back seat.     The officer placed defendant under arrest, and told him he must drive to the police station.     He got in the front seat with defendant, and soon after the car had started the officer saw defendant take what he thought was a bottle out of his clothing and pass it to one of the men in the back seat.     The bottle dropped on the floor of the car and slid along under the officer's feet. When they neared the police station, the defendant drove his car against an obstruction on the street, which was in the process of paving, and when backing up he threw another bottle on the ground, which broke into several pieces.     After Purchase had delivered the defendant to the officer in charge at the station, he, in company with Officer Van Durske, went to the place where the bottle was broken and picked up some of the pieces.     The neck of the bottle contained a small amount of liquid, which Purchase tasted and found to be moonshine whisky.     The contents of the bottle taken from the floor of the car were analyzed by a

chemist and found to contain 44.44 *per centum* of alcohol by volume.

We will consider the assignments in the order discussed by counsel.

1. It is urged that as the bottle found in the car was a pint bottle, and as the information charged the unlawful possession of but a pint of whisky, it was error to admit the testimony relating to the other bottle thrown from the car. It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestæ*. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime. 16 C. J. pp. 574, 575.

2. The witness Purchase was permitted, over objection, to testify that he smelled of the liquid in the pint bottle delivered by him to the officer in the station, and that in his opinion it was moonshine. The sense of smell, as well as that of taste, may be used to determine the intoxicating nature of a liquid. *People* v. *Flaczinski*, 223 Mich. 650. The weight to be given to this testimony was for the jury. Besides, the chemist, after an analysis, testified positively that the liquid in this bottle contained more than 40 per cent. of alcohol by volume.

3. Error is assigned on what is claimed to have been improper remarks of the prosecuting attorney in his closing argument. While the record shows that an objection was made by defendant's counsel, it does not appear that a ruling was asked for or obtained. In *People* v. *Sartori*, 168 Mich. 308, 317, it was said: "Under repeated rulings of this court, such exceptions cannot be considered," and many cases are cited in support of the holding.

4. It appears that during the charge of the court

"Three police officers entered the court room carrying a basket and a box of bottles, putting them down beside the table where the prosecutor sat." The court said, "An interruption of that kind at this time is entirely inexcusable." Defendant's counsel urge that the court should have instructed the jury that the basket and bottles "had no connection with the case they were trying," and that he "should have directed a verdict following such incident." We must assume that the jurors were possessed of ordinary intelligence and, if so, they could but know that the basket and bottles had nothing to do with the case being submitted to them. After the jury retired, counsel called attention to what had transpired, and the court expressed the opinion that they were brought in to be used in the case next to be taken up. It seems clear to us that the defendant could not have been prejudiced by what occurred.

5. Error is assigned on the improper cross-examination of a witness for defendant. It calls for no discussion.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.