PEOPLE *v.* WAHL.

1. APPEAL AND ERROR—HARMLESS ERROR.
   The Court of Appeals does not reverse for a new trial unless there was prejudicial error.

2. CRIMINAL LAW—EVIDENCE—REPUTATION—HARMLESS ERROR.
   Claim by defendant, convicted of larceny by conversion, that he was entitled to a new trial for failure of the trial court to allow two witnesses to testify concerning his reputation elsewhere than in the community where he currently resided *held*, without merit, where two other witnesses testified in detail regarding his reputation for honesty, and both witnesses whom counsel was not permitted to question in detail stated, before objection was made, that defendant's reputation was good, which statements were not stricken from the record, since the refusal to admit further testimony by these witnesses was not prejudicial, and the Court of Appeals does not reverse for a new trial unless there was prejudicial error (CLS. 1961, § 750-.356).

Appeal from Lenawee; Martin (Rex B.), J. Submitted Division 2 March 2, 1967, at Lansing. (Docket No. 1,498.) Decided July 10, 1967. Leave to appeal denied October 16, 1967. See 379 Mich 784.

Lloyd Wahl was convicted of larceny by conversion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*J. C. Beardsley,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 948.
[2] 5 Am Jur 2d, Appeal and Error § 948.
   39 Am Jur, New Trial §§ 28, 111–113.
   29 Am Jur 2d, Evidence §§ 256, 339.

T. G. KAVANAGH, P. J.   On March 16, 1965, defendant was in charge of a souvenir store at the base of the twin towers in the Irish Hills district of southern Michigan.   The complainant and his wife were visiting the area and stopped into the souvenir store.   When he returned home complainant changed his clothes and noticed that his wallet containing $130 was missing.

Meanwhile, defendant had found a wallet which had been left on the counter and had told his employer that he would recognize the owner when he came to claim it.   Defendant testified that a man did come and claim the wallet and he gave it to that man because he thought he was the owner.

About 15 minutes later complainant returned to the store and requested the wallet.   Defendant denied having seen complainant's wallet, according to his testimony because he thought complainant was playing a joke on him and because the wallet he had seen had been returned to the rightful owner. Defendant was charged with larceny by conversion.*

At trial, defendant produced two witnesses to testify as to his reputation.   Upon objection by the prosecutor the court ruled that these witnesses could not be questioned further because their testimony did not relate defendant's reputation in the community where he currently resided.

The jury returned a verdict of guilty, judgment was rendered accordingly and defendant appealed.

During the trial counsel for defendant was permitted to question two witnesses in detail regarding defendant's reputation for honesty.   The testimony of both was favorable to defendant.   Moreover, both witnesses whom defendant's counsel was not permitted to question regarding reputation, stated for the record, before objection was made, that defend-

---

* CLS 1961, § 750.356 (Stat Ann 1965 Cum Supp § 28.588).

ant's reputation was good. These statements were not stricken from the record. Consequently, refusal to admit further testimony by these witnesses was not prejudicial to defendant. This court will not reverse for a new trial unless there was prejudicial error. *Cooper* v. *Tranter Manufacturing, Inc.* (1966), 4 Mich App 71; *Britten* v. *Updyke* (1959), 357 Mich 466.

Affirmed.

QUINN and McGREGOR, JJ., concurred.