PEOPLE *v.* ANDRIACCI.

SAME *v.* MAGNAFICHI.

SAME *v.* PENACHIO.

SAME *v.* DiFRONZO.

1. CRIMINAL LAW—ARREST WARRANT—ISSUANCE—EVIDENCE.
   Eyewitnesses to a crime are not necessary under statute to the issuance of an arrest warrant for that crime, but a warrant may issue upon the information and belief of a police officer having a responsibility in the case (CL 1948, §§ 766.2, 766.3).

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 13, 14.
[2] 5 Am Jur 2d, Arrest § 7 *et seq.*
[3] 29 Am Jur 2d, Evidence §§ 280, 708, 713, 723.
[4] 29 Am Jur 2d, Evidence § 71.
   Admissibility. of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

2. Same—Arrest—Defective Warrant—Appeal and Error.

Failure to raise an objection to a defective warrant at preliminary examination precludes objections for defect after the jury is sworn.

3. Same—Preliminary Examination—Res Gestae.

Mention, during jury trial for breaking and entering, of defendants' attempt to conceal their identity by the use of stolen automobiles during high-speed chase by police *held,* admissible as part of the *res gestae* because it was clearly indicative of motive and intent (CL 1948, § 750.110, as amended by PA 1964, No 133; § 768.27).

4. Same—Identification of Suspect—Lineup.

Claim of defendant charged with breaking and entering that he was subjected to unfair police lineup is not sustained where there is no showing that defendant was required to be in a lineup in which his physical appearance was markedly different from that of others in the lineup (CL 1948, § 750.110, as amended by PA 1964, No 133).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,340.) Decided May 28, 1968. Rehearing denied July 19, 1968. Leave to appeal denied October 23, 1968. See 381 Mich 784.

Joseph Andriacci, Lee Magnafichi, Richard Penachio, and Peter DiFronzo were convicted of breaking and entering. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Lawrence A. Burns,* for defendants.

McGregor, P. J. This appeal springs from a jury conviction of the defendants for breaking and entering.*

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

On the Sunday afternoon of November 22, 1964, a
Birmingham beauty shop owner visited his shop,
only to find it occupied by three intruders, who fled
out the back door as the owner entered the front.
After noticing that a hole had been knocked in a
common wall with the next-door fur salon, the
beauty shop owner and a companion undertook a
hot pursuit down the alley after the fleeing men.

These pursuers were unable to catch the culprits
before they reached a waiting auto being manned
by a fourth accomplice. However, the shop owner
observed the license number of the getaway auto
and also got a look at the face of one of the automo-
bile passengers. Later, at a police lineup, the shop
owner identified the man he saw in the getaway
auto as the defendant Joseph Andriacci. A call
was placed by the beauty shop owner to the local
police and a radio dispatch resulted in an almost
immediate spotting of the wanted auto by a cruising
police car.

During the next half hour or so, there occurred
a coordinated effort by several police departments
to apprehend the wanted men. After sight was lost
of the auto during a high-speed chase, the fleeing
auto was stopped by a police cruiser blocking a
narrow bridge. Three men, later identified as three
of the defendants by the solitary patrolman attend-
ing the cruiser forming the roadblock, ran from the
getaway auto, and the auto again sped away in
another direction. The lone patrolman at the bridge
opened fire on the fleeing auto, sped after it in hot
pursuit, and radioed a report of these events to his
headquarters. Within 10 minutes, other police offi-
cers apprehended three of the defendants coming
out of a wooded area into which footprints in the
snow led from where the three defendants were seen
departing from the getaway auto. When the get-

away auto was spotted again, the driver—later identified by the police officer who had manned the roadblock as the defendant Peter DiFronzo—had departed, and footprints in the snow led to the driveway from which an auto had been reported stolen only moments before.  DiFronzo was not apprehended that day, but voluntarily surrendered to the police about three weeks later.

Several claims of error are presented in this case:  (1) that the arrest warrants issued upon complaint of a police lieutenant were constitutionally defective, (2) that defendants were prejudiced by statements and testimony which tended to indicate stolen autos were involved in the above described chase, and (3) that defendant Andriacci was subjected to an unconstitutional police lineup.

Defendants' theory that the arrest warrants were defective proceeds on the premise that CL 1948, §§ 766.2, 766.3 (Stat Ann 1954 Rev §§ 28.920, 28.921) require arrest warrants to be issued only after testimony of one having personal knowledge of the alleged offense.  Defendants seem to urge that there can be no arrest warrant issued unless there is an eyewitness to a crime.  This theory gains little support from either logic or the law books.  Criminals are often successful in their attempts to perpetrate their misdeeds away from the sight of others and, consequently, no eyewitnesses exist.  The application of defendants' theory would relegate competent police investigations to the category of uselessness and would measurably decrease the ability of the police to render protection to the general public.

As far as the lack of support for this theory on the law books, little need be added to the recent fine opinion by Judge LEVIN of this Court in *People* v. *Roney* (1967), 7 Mich App 678.  The warrants in this case were issued upon the information and

belief of a police lieutenant having a responsibility in the case and were consequently not defective.

Because these warrants were satisfactory, the fact that objections to the warrants were belatedly raised after the jury was sworn is not determinative in this case. If the warrants had been defective, the failure to raise the objections at the examination would have precluded objections for defect after the jury was sworn. *People* v. *Roney, supra.*

Defendants' averments that it was improper to make any mention of the use of stolen automobiles is without merit. Defendants' complicated action to evade giving reasonable explanation for their apparently felonious presence in the broken-into shops and their attempt to conceal their identity by use of autos not their own was clearly indicative of the motive and intent of the parties as to the crime charged, and was thus admissible as part of the *res gestae.* CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) ; *People* v. *Kowatch* (1932), 258 Mich 630; *People* v. *Savage* (1923), 225 Mich 84; also see 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 434 p 527, and 3 Gillespie, § 1139, p 1534. In this case, because of the eyewitness identification of the defendants by various witnesses during the course of the chase, it was necessary to introduce more detailed testimony concerning this chase during the trial. Any prejudice claimed by defendants because of this properly introduced evidence does not move this Court. If prejudice was suffered, it was not because of an unfair trial, but rather, because of the vile deeds of the defendants themselves.

Finally, defendant Andriacci claims he was subjected to an unfair police lineup. While this Court recognizes that police lineups can be unfair, see *United States* v. *Wade* (1967), 388 US 218 (87 S Ct

1926, 18 L Ed 2d 1149), there is no evidence that this lineup was unfair. There is no showing that Andriacci was required to be in a lineup where his physical appearance was markedly different from that of others in the lineup.

Convictions affirmed.

J. H. GILLIS and A. C. MILLER, JJ., concurred.