BROWN *v.* JACKSON CIRCUIT JUDGE.

1. COURTS—DISTRICT COURTS—CLASS DISTRICTS.
   The legislature created one district court and divided it into class districts (PA 1968, No 154).

2. COURTS—DISTRICT COURTS—CLASS DISTRICTS—SITTING OF COURT —STATUTE.
   In second-class districts, the district court shall sit at any county seat within the district, at each city and incorporated village with a population over 3,250 that is within the district, and if the district does not contain any city, the court may sit at the county seat of its district control unit outside the district (MCLA 1969 Cum Supp § 600.8251[2], as amended by PA 1969, No 6).

3. COURTS — JURISDICTION — DISTRICT COURTS — CRIMINAL LAW — PRELIMINARY EXAMINATION.
   District courts are given jurisdiction of preliminary examinations in all felony cases by one section of the district court statute and venue was established in another section, and where the court has jurisdiction of the criminal subject matter, that jurisdiction cannot be divested by a motion for change of venue (MCLA §§ 600.8311, 600.8312).

4. COURTS—DISTRICT COURTS—PLACE—STATUTES.
   The section of the district court statute specifying the places of holding court discloses a liberal legislative design permitting the selection by the district judges of a suitable courthouse which would best serve the people and did not impose an absolute requirement that the court sit only within its district, even before amendment of the statute to make this explicit (MCLA § 600.8251).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  20 Am Jur 2d, Courts § 25 *et seq.*
[2]  20 Am Jur 2d, Courts §§ 36–41.
[3]  20 Am Jur 2d, Courts § 89 *et seq.*
[4]  20 Am Jur 2d, Courts § 27.

5. COURTS—DISTRICT COURTS—PLACE—STATUTES.
    District court of the 12th district, which surrounds the city
        of Jackson comprising the 13th district, *held*, to be permitted
        by statute to hold court at the county building in the city
        of Jackson (MCLA § 600.8251).

Appeal from Jackson, Gordon W. Britten, J., and from Court of Appeals before decision. Submitted December 4, 1969. (Calendar No. 36, Docket No. 52,377.) Decided April 13, 1970.

Complaint for superintending control by Ronald B. Brown against Twelfth District Court Judge Lysle G. Hall. Relief denied by Jackson County Circuit Judge Gordon W. Britten. Defendant appealed to Court of Appeals, complained against Judge Britten for superintending control in the Court of Appeals, and petitioned the Supreme Court for leave to appeal prior to decision of Court of Appeals. Leave granted. Lower courts affirmed.

*Vincent F. Stapley,* for plaintiff.

*Bruce A. Barton,* Prosecuting Attorney, and *Paul R. Adams,* Chief Appellate Attorney, for the defendants.

KELLY, J. A warrant dated November 22, 1968, charged that in the township of Blackman, county of Jackson, plaintiff violated CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798) and "did then and there * * * by force and violence or by assault or putting in fear, feloniously rob Mrs. Michael J. Kearns while said Ronald B. Brown was not armed."

On the same day plaintiff was arraigned before Ronald J. Parker, a justice of the peace of Blackman township, demanded a preliminary examination, and requested a ten-day delay. He was released on bond

and the examination was postponed until December 3, 1968.

December 3, 1968, on motion of the prosecuting attorney, the examination was adjourned until December 17, 1968, in order to afford time for appointment of counsel to represent plaintiff. Counsel was appointed by the circuit judge of Jackson county on December 4, 1968.

The record is not clear as to whether the December 17th adjournment was on motion of the defense, the prosecution, or on the court's own motion. Plaintiff, however, claims "the prosecuting attorney was granted a further adjournment over the objection of counsel. Said further continuance to be until the newly created District Courts were in operation."

On December 30, 1968, Justice of the Peace Parker notified plaintiff that the case "has been transferred into the new District Court system," and that the examination would be held at the Jackson county building, Jackson, Michigan, on January 9, 1969.

On January 9, 1969, plaintiff appeared at the Jackson county courthouse before 12th District Judge Lysle B. Hall and demanded a change of venue, which was denied. Plaintiff was again arraigned on the warrant and complaint and the examination was adjourned until January 24, 1969.

Also, on January 9, 1969, plaintiff filed in the Jackson county circuit court his "Complaint for Superintending Control," requesting that Judge Hall be restrained from proceeding further against plaintiff and that an order be entered quashing the pending criminal proceedings.

By order of February 19, 1969, Honorable Gordon W. Britten, Jackson county circuit judge, denied plaintiff the relief sought and dismissed the complaint.

Plaintiff appealed, and on March 20, 1969, we granted plaintiff's application for leave to appeal prior to decision by the Court of Appeals.

The legislature created one district court[1] and divided it into class districts. The 12th district is a district of the second class and is composed of the entire county of Jackson, except the city of Jackson.[2] The 13th district consists of the city of Jackson as a district of the third class.[3]

The question presented is one of situs, namely: Did 12th District Judge Hall have authority to conduct the examination in the courthouse in the city of Jackson, which is not geographically a part of the 12th district?

At the time determination was made of that question in the district court and in the Jackson county circuit court, the statute provided:

"In districts of the second class the court shall sit at any county seat within the district, at each city and incorporated village within the district having a population of 3,250 or more except that when 2 or more such cities or incorporated villages are contiguous the court need sit only in the city having the greater population and at such other places as the judges of the district determine." MCLA 1969 Cum Supp § 600.8251(2) (Stat Ann 1969 Cum Supp § 27A.8251[2]).

Subsequent to our March 20, 1969 grant of application to appeal prior to decision by the Court of Appeals, the legislature amended the above-quoted enactment by adding thereto the following:

---

[1] PA 1968, No 154 (MCLA 1969 Cum Supp § 600.8101, et seq.; Stat Ann 1969 Cum Supp § 27A.8101, et seq.)

[2] MCLA 1969 Cum Supp § 600.8119(1); Stat Ann 1969 Cum Supp § 27A.8119(1).

[3] MCLA 1969 Cum Supp § 600.8119(2); Stat Ann 1969 Cum Supp § 27A.8119(2).

"If the district does not contain any city, then the foregoing provisions of this subsection shall not apply to such district, and in such a district the court shall sit at the county seat of its district control unit situated outside the district.  *  *  *  Whenever the court sits at a county seat situated outside the district pursuant to the provisions of this subsection, it shall exercise the same powers, jurisdiction and venue as if sitting within the district." PA 1969, No 6, effective April 19, 1969.

Denying plaintiff the relief he sought, Judge Britten stated that the mandatory words were confined to the first part of the section of the statute that referred to the existence of a county seat, or a city or incorporated village of a population of 3,250 within the district; that there was no such mandatory location within the district; that the words "and at such other places as the judges of the district determine" gave the judges the right to select the place for holding court where it would best serve the people; that because there was suitable space available in the Jackson county courthouse, located not only in the center of Jackson county but, also, in the center of the 12th district, not only did Judge Hall have the right to proceed as he did but it would have been an abuse of discretion to have proceeded otherwise.

In his brief concluding with "plaintiff prays that he be discharged from custody," plaintiff states:

"The county seat for the county of Jackson is Jackson, Michigan, and is within the 13th District, in spite of the fact that it is entirely surrounded by the 12th District.  Further, there are no cities or incorporated villages within the 12th District having a population of 3,250 or more.  The judges of the 12th District, prior to the legislative amendment

to Stat Ann (1969 Cum Supp) § 27A.8251(2)[4] (PA
1969, No 6) could have decided on other places of
holding court. However, these should have been
within the 12th District. To have provided other-
wise would have permitted the district judges of the
12th District to enter an order that they would for
an indefinite period sit at Boyne Mountain or any-
where else in Michigan. * * *

"Stat Ann (1969 Cum Supp) § 27A.8251(2) men-
tioned specific places i.e. county seat within the dis-
trict, cities and villages of 3,250 within the district
followed then by a general clause. That general
clause, if one is to follow sound rules of statutory
construction, should have been interpreted to mean
'at such other places (within the district) as the
judges of the district determine.' * * *

"The legislature's special enactment of an amend-
ment to Stat Ann (1969 Cum Supp) § 27A.8251(2)
(PA 1969, No 6) is a sufficient showing that the 12th
District Court could not sit in the Jackson county
courthouse. To consider otherwise would be to hold
that the legislature had merely passed a repetitive
piece of legislation. It is quite apparent that the
legislature had provided that certain judges could
not sit in the courthouse and seeing the 'error of
their way' moved to correct the same. * * *

"The legislature's amendment to Stat Ann (1969
Cum Supp) § 27A.8251(2) (PA 1969, No 6) does
not cure the problems associated with the instant
case. It is well established that a new law should
be prospective and not retrospective in its operation
and that the legislature is presumed to have intended
statutes to operate prospectively and not retrospec-
tively."

Defendants' opposite interpretation of legislative
intent is disclosed by the following:

"The city of Jackson in a strict literal sense is
located 'within' the 12th District only in that it is

---

[4] MCLA 1969 Cum Supp § 600.8251(2).—REPORTER.

surrounded by the 12th District.   There is no claim
that this, in and of itself, is sufficient to justify es-
tablishment of the 12th District court in the city of
Jackson, but it would appear to be sufficient to make
the determination of the judges of the court to locate
their court in the courthouse in the city of Jackson
a reasonable determination.   This is particularly
true where there is no other available location nor
any location more quickly and reasonably available
from all parts of the county.   *   *   *

"Section 8251(2) of the district court act uses the
phrase 'within the district' in referring to county
seats and in referring to cities and incorporated vil-
lages in specifying that the court is to be established
in such locations, but the phrase is significantly
omitted from that portion of the statute permitting
the court to sit '*   *   *   at such other places as the
judges of the district determine'.   Clearly, the deter-
mination of the judges of the 12th District to sit in
the courthouse in the county of Jackson and the
entry of their order to that effect is authorized by
any reasonable construction of this statute, which
does *not* say that the court may sit '*   *   *   at such
other places within the district as the judges of the
district determine' but rather clearly states that the
court is to sit '*   *   *   at such other places as the
judges of the district determine.' "

Defendants, referring to the amendment to the
statute state that it "bespeaks the reasonableness
of the district court's actions.   And after all, isn't
that what we're really arguing about—the reason-
ableness of the interpretation of the statute?   Appel-
lant is arguing that his interpretation of unamended
Stat Ann 1969 Cum Supp § 27A.8251(2) is more
reasonable than the appellees' interpretation, yet
the appellees' interpretation is subsequently justified
and re-affirmed by legislative enactment.   What
better proof could there be as to the soundness of an
interpretation?"

The district court act by § 8311 (MCLA 1969 Cum Supp § 600.8311; Stat Ann 1969 Cum Supp § 27A-.8311) established the criminal jurisdiction of the district courts in the following language:

"The district court shall have jurisdiction of all misdemeanors including those heretofore not cognizable by abolished courts, and ordinance and charter violations and of preliminary examinations in all felony cases, including fixing of bail and accepting bond."

By a separate section of the act, § 8312, subd (2), the criminal venue in district courts was established:

"(2) In districts of the second class venue in criminal actions for violations of state law and all city, village or township ordinances shall be in the district where the violation took place." (MCLA 1969 Cum Supp § 600.8312; Stat Ann 1969 Cum Supp § 27A.8312).

From the above it is apparent that the district court had jurisdiction of the criminal subject matter. Having so acquired jurisdiction, the court could not be divested of its jurisdiction by a motion for change of venue. Such motion is directed to the discretion of the court. See *People* v. *Burns* (1928), 242 Mich 345.

We find that the trial judge did not abuse his discretion in denying the motion.

Neither can plaintiff Brown avoid these criminal proceedings by alleging that the court was improperly sitting in the wrong district. See PA 1968, No 154, § 8251.[5] Jurisdiction, having been so vested by statute, is not dislodged by the fact that an action is commenced in that court while the court is sitting

[5] MCLA 1969 Cum Supp § 600.8251 (Stat Ann 1969 Cum Supp § 27A.8251).

in a county seat which itself comprises a district of the third class.

A fair reading of § 8251, subd (2), especially the conjunctive phrase "and at such *other places* as the judges of the district determine", discloses a liberal legislative design permitting the selection of a suitable courthouse by the district judges which would best serve the people. We cannot read into this section, either in terms of legislative intent or judicial administration, the absolute requirement that the court sit only within its district. Our interpretation of this legislative intent is buttressed by the subsequent pronouncement of the legislature. See PA 1969, No 6, amending PA 1968, No 154, § 8251, subd (2).[6]

We approve 12th District Judge Lysle G. Hall's refusal of plaintiff's motion for change of venue, and affirm Jackson county Circuit Judge Gordon W. Britten's order dismissing plaintiff's complaint.

No costs, a public question being involved.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred with KELLY, J.

---

[6] Stat Ann 1970 Cum Supp § 27A.8251(2).