PEOPLE v. HENDERSON

1. ARREST—WARRANT—DISTRICT COURT NUMBER—OMISSION.

An arrest warrant was not invalid because the district court number did not appear on it where the warrant showed the name of the issuing judge as well as the name of the county in which the district court was located and where these designations sufficiently informed the defendant of the location of the court, as evidenced by the defendant's appearance in the proper court, on the proper day, at the correct time.

2. COURTS — DISTRICT COURTS — JURISDICTION — PRELIMINARY EXAMINATION.

The district court of the Twelfth District is permitted by statute to sit in the county seat, which comprises the Thirteenth District, and a preliminary examination held in the Twelfth District court in the City of Jackson in the Thirteenth District was not improper.

3. CRIMINAL LAW—WITNESSES—EVIDENCE—RES GESTAE.

Testimony tending to show the acts, conduct, and demeanor of the defendant shortly after the offense with which he has been charged is admissible as *res gestae* evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 7 *et seq.*
[2] 20 Am Jur 2d, Courts § 153.
[3] 29 Am Jur 2d, Evidence §§ 708, 713.
[4] 29 Am Jur 2d, Evidence § 722.
[5] 5 Am Jur 2d, Arrest §§ 73, 74.

4. CRIMINAL LAW—WITNESSES—EVIDENCE—RES GESTAE.

Testimony of two witnesses, in a criminal trial for unlawfully driving away a motor vehicle, that the defendant, who had escaped from prison, struggled with them to stop them from completing a telephone call to the police was properly admitted as *res gestae* evidence where the struggle occurred shortly after the defendant had committed the offense for which he was on trial.

5. EVIDENCE—CUSTODY—STATUTES—CRIMINAL LAW.

Delivery to the state police of articles taken from a defendant at the time of his arrest and custody by the state police of those articles is consistent with the purpose and intent of the statutory provision that such articles should be delivered to the sheriff of the county, chief of the police or to the magistrate before whom the defendant is taken (MCLA § 764.25).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 June 10, 1970, at Lansing. (Docket No. 8,244.) Decided June 26, 1970. Leave to appeal denied September 25, 1970. 384 Mich 761.

Neal Henderson was convicted of unlawfully driving away a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Assistant Prosecuting Attorney, for the people.

*Albert D. McCallum,* for defendant.

Before: McGREGOR, P. J., and BRONSON and MAHINSKE,* JJ.

BRONSON, J. The defendant, Neal Henderson, was tried and convicted by a jury of the crime of un-

* Circuit judge, sitting on the Court of Appeals by assignment.

lawfully driving away a motor vehicle contrary to CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645). The defendant was subsequently sentenced to serve three to five years in the State Penitentiary for Southern Michigan; the sentence was set so as to run concurrently with the sentence the defendant is presently serving.

At the time of the offense, Henderson was an inmate of the state penitentiary. Apparently because he was a trusted inmate, he was assigned to work on one of the farms rather than being placed in one of the maximum security areas. On December 22, 1968 at approximately 8:30 a.m., the defendant was discovered to be absent from the farm. At the same time the farm superintendent discovered that his automobile was missing. At 9 a.m., Mr. John Orguchak, a resident of an adjoining county, heard a crash in front of his home. Upon investigation, Mr. Orguchak observed an automobile positioned in a ditch and the defendant walking away from the vehicle. The defendant stopped and talked to Orguchak and then together they proceeded to the Orguchak residence where, as Mr. Orguchak insisted, the police could be telephoned. After they had entered the residence, Mrs. Orguchak started to dial the phone, but the defendant suddenly became violent and prevented her from completing the call. A struggle ensued between the defendant and the Orguchaks, with injuries being inflicted upon both Mr. and Mrs. Orguchak. The defendant then escaped, but shortly thereafter was apprehended by the State Police. The police searched the defendant upon his arrest and removed certain articles from his person, including certain wires and a pair of pliers.

The defendant contends in his appeal that his conviction was improper for the following reasons:

(1) The warrant for his arrest was invalid because it failed to specify the district court number;

(2) The defendant was improperly convicted because the preliminary examination was conducted in the Jackson County Twelfth District Court while the court was sitting in the City of Jackson which is located in the Thirteenth District;

(3) The testimony of the Orguchaks relating to the struggle should not have been admitted into evidence, because evidence of the struggle was irrelevant and prejudicial to the defendant;

(4) The items taken from the defendant upon his arrest were inadmissible at the trial because they were held until the time of the trial by a law enforcement custodian other than that provided by CL 1948, § 764.25 (Stat Ann 1954 Rev § 28.884).

We find defendant's assertions to be lacking in merit. Error, if indeed error existed, was not prejudicial and therefore does not require reversal. *People* v. *Wahl* (1967), 7 Mich App 314.

As to defendant's first alleged error, there is no authority for the proposition that a warrant must fail because it neglects to designate the district court number. It is foreseeable that a defendant may be unnecessarily required to make an inquiry in order to find the proper court when the number is not indicated; however, in the instant case, any investigation was minimal. Although the warrant lacked the district court number, it did contain the name of the issuing judge as well as the name of the county in which the district was located. These designations sufficiently informed the defendant as to the location of the court, as evidenced by the defendant's appearance in the proper court, on the proper day, and at the correct time.

Concerning the second alleged error, the Michigan Supreme Court has recently disposed of that precise

issue in *Brown* v. *Jackson Circuit Judge* (1970), 383 Mich 433, where the Court held that the Twelfth District court could properly sit in the City of Jackson, which comprises the Thirteenth District. The Court reasoned that jurisdiction vested by statute is not divested by the fact that an action is commenced in a district court while the court is sitting in the county seat which comprises an adjoining district.

The defendant's third contention is likewise without merit. The testimony of the Orguchaks can properly be classified as *res gestae* evidence in that it tended to show the acts, conduct and demeanor of the person charged with the crime shortly after the offense had been committed. Such is the nature of *res gestae* evidence. *People* v. *Savage* (1923), 225 Mich 84. Therefore, this testimony was properly admitted into evidence. See *People* v. *Andriacci* (1968), 11 Mich App 482, 486.

Finally, as to the defendant's contention that his conviction was improper because articles taken from him at the time of his arrest, which were subsequently introduced into evidence at trial, were not delivered to the proper custodians enumerated in CL 1948, § 764.25 (Stat Ann § 28.884), we can only say that it is without merit. The statute does not appear to be exclusive. Clearly, delivery of the articles to the state police for custody, as occurred in the instant case, would be consistent with the purpose and intent of the statute. In any event, the defendant has failed to mention any way in which he was prejudiced by the retention of the evidence by the state police rather than by a sheriff, chief of police, or arraigning magistrate.

The verdict of the jury below is affirmed.

All concurred.