PEOPLE *v* OTLER

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—RES GESTAE—ADMISSIBILITY.

Testimony concerning defendant's disposal of a gun from a car just prior to his apprehension was properly admitted, over defense counsel's objection, in a trial for attempted breaking and entering with intent to commit larceny, because the testimony was part of the *res gestae* of the crime for which defendant was being tried, in that his disposing of the gun was part of the events which transpired from the time of the crime to his apprehension, a matter of minutes.

2. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—RES GESTAE.

The acts, conduct, and demeanor of a person charged with a crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestae*, and proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 7, 1971, at Lansing. (Docket No. 9536.) Decided January 24, 1972.

Walter Otler was convicted of attempted breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence § 321.

Comment Note.—Admissibility in criminal case of evidence relevant to the crime charged, as affected by incidental disclosure of another crime by defendant, 170 ALR 308.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*John T. Connolly,* for defendant on appeal.

Before: MCGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

PER CURIAM. Defendant was convicted of attempted breaking and entering with intent to commit larceny, contrary to MCLA 750.92; MSA 28.287 and MCLA 750.110; MSA 28.305, and sentenced to serve a term of three to five years.

On appeal, defendant contends that the trial court committed reversible error by admitting testimony, over defense counsel's objection, concerning defendant's disposal of a gun from a car just prior to his apprehension. It is argued that said testimony was irrelevant and highly prejudicial.

At trial, a city policeman testified:

"*Q.* What, if anything, unusual happened then?

"*A.* Well, as it—after the Buick had turned north on Saginaw Street at that time, we were directly behind it— excuse me for a second—

"*Q.* How far were you behind it, if you recall?

"*A.* About a half block. And, as we got into the 35—between 3500 and 3600 block of Saginaw—North Saginaw Street—we observed Mr. Otler, who was sitting in the passenger side of the vehicle, holding his—stick his arm out the window, and he had a .38-caliber Derringer and he dropped it onto the street, and the weapon discharged as it hit the street.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*Q*. Are both occupants of that car present in the courtroom today?

"*A*. Yes, they are."

Defense counsel objected to this testimony as being irrelevant to the charge before the trial court, but the latter allowed it to stand, on the ground that it was part of what was observed by the witness.

Testimony regarding defendant's possession and disposal of the gun was also admitted at other points in the trial, but no objections were raised at such times. Codefendant Joseph Neal testified:

"He looked at me and told me to speed up, leave them, and I said, 'Leave them, for what, man, you talk like you want to go to jail.' I said, 'I ain't got no driver's license,' and he pulled the gun out, and then throwed it out the window, and when the gun hit the sidewalk, it went off."

The people answer that the trial court properly overruled defendant's objection regarding the admission of testimony concerning defendant's disposal of a gun on the grounds that such testimony was part of the *res gestae* of the crime for which defendant was being tried, in that it was part of the events which transpired from the time of the crime to the apprehension of defendant, a matter of minutes.

"It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestae*. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime." *People* v *Savage*, 225 Mich 84, 86 (1923).

An examination of the record and briefs discloses no prejudicial error denying Otler any sub-

stantial right. *People* v *Andriacci*, 11 Mich App 482 (1968) (*leave denied*, 381 Mich 784 [1968]); *People* v *Henderson*, 25 Mich App 28 (1970).
    Affirmed.