PEOPLE v TERLISNER

Docket No. 78-1989. Submitted January 4, 1980, at Lansing.—Decided
April 1, 1980. Leave to appeal applied for.

Leo R. Terlisner was charged with and convicted of murder in the
perpetration of a robbery. At his trial in Van Buren Circuit
Court, Meyer Warshawsky, J., the defendant moved to suppress
the statements which he had made to the police. The charge
arose out of the death of a tavern owner in 1971. The deceased
was found in his home with his wallet nearby. The contents of
the wallet were strewn about, but no cash was found even
though the deceased was known to carry large sums of cash in
his wallet. Neither the receipts from his business nor the bag
in which he was known to bring home the receipts was found.
Also, a knife and gun known to be owned by the deceased were
not found. Five years later, defendant, during the investigation
of another matter, made a series of statements to the police
which implicated himself in the homicide. The substance of
defendant's statements was that he had acted as a lookout
during the robbery and homicide. The trial court, on finding
that defendant had been informed of his constitutional rights
prior to the taking of the statements and finding that defen-
dant's statements were voluntarily made, denied the motion to
suppress. The jury returned a verdict of guilty of aiding and
abetting in the commission of a felony murder. Defendant was
given the mandatory life sentence. Defendant appeals. *Held:*

1. It is the established rule in Michigan that the corpus
delicti of a crime must be established by independent evidence
prior to the admission into evidence of any confession or
admission of the accused. The evidence, absent defendant's

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1140.

[2] 67 Am Jur 2d, Robbery § 59.

[3] 29 Am Jur 2d, Evidence § 530. 30 Am Jur 2d, Evidence § 1142.

[4] 29 Am Jur 2d, Evidence §§ 785-787.
Comment note on length of sentence as violation of constitutional
provisions prohibiting cruel and unusual punishment. 33 ALR3d
335.

[5] 21 Am Jur 2d, Criminal Law §§ 577, 580-582, 590.

confessions, was clearly sufficient to establish that a felony murder had been committed, *i.e.,* that a homicide had been committed during the perpetration of a robbery. Since the corpus delicti of the felony murder was established by independent evidence, the corpus delicti rule is satisfied. Having established the corpus delicti of the underlying crime by independent proofs, it was not necessary that the prosecution establish the nature of defendant's participation in the crime as an aider and abettor by proofs independent of defendant's confessions.

2. The trial court's determination to admit into evidence defendant's confessions cannot be said to be clearly erroneous. Given the trial court's superior position to judge the credibility of the witnesses, the Court of Appeals cannot say that the findings of the trial court that defendant was fully apprised of his constitutional rights and was under no duress at the time he gave his confessions were unwarranted.

3. The black and white photographs of the scene of the crime were properly admitted, since the photographs were not inflammatory, despite the presence of bloodstains in some of the photographs, and since they were more probative than prejudicial.

4. The mandatory nonparolable sentence received by the defendant does not violate the constitutional right to due process of the laws, the constitutional right against cruel and unusual punishment or the constitutional provision requiring separation of the powers of the various branches of government.

Affirmed.

1. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — CONFESSION.

The corpus delicti of a crime must be established by independent evidence prior to putting into evidence any confessions or admissions of the accused.

2. ROBBERY — CORPUS DELICTI — PROOF — EVIDENCE — SUFFICIENCY OF EVIDENCE.

The corpus delicti of robbery is sufficiently established by proofs independent of the accused's confession where the evidence established that a deceased was found in his home with his wallet pulled from his pocket, the wallet was without cash although the deceased was known to carry large sums of cash in his wallet, the remaining contents of the wallet were strewn about the room, and the receipts from the deceased's business, along with the bag in which the deceased carried the receipts, and a gun and knife owned by the deceased were missing.

3. Criminal Law — Corpus Delicti — Aiding and Abetting — Proof — Independent Proof — Evidence — Confession.

The rule requiring that the corpus delicti of a crime be established prior to the admission of the confession of an accused does not require independent proof of the aiding and abetting of a felony murder where the evidence independently establishes that a robbery was committed by someone and that a killing occurred during the course of that robbery; it is unnecessary to establish by evidence independent of the accused's confession that the accused aided and abetted in the crime.

4. Criminal Law — Evidence — Photographs — Admissibility — Prejudicial Effect — Probative Value.

Black and white photographs depicting the scene of a robbery and murder which include bloodstains are admissible where the bloodstains are not inflammatory in nature and the photographs are necessary to establish the corpus delicti of the crime, and where the photographs are more probative than prejudicial.

5. Homicide — First-Degree Murder — Mandatory Sentence — Constitutional Law — Statutes.

The mandatory nonparolable life sentence for one convicted of felony murder does not violate the constitutional right to due process, the prohibition against cruel and unusual punishment or the constitutional provision requiring separation of powers (MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ward S. Hamlin, Jr.,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: Allen, P.J., and V. J. Brennan and MacKenzie, JJ.

Allen, P.J. Where defendant is charged with murder in the perpetration of robbery, MCL 750.316; MSA 28.548, and where the only evidence linking defendant to the crime is defendant's ex-

tra-judicial confession that he was, at most, an accomplice, and not a direct participant, is it necessary for the prosecution to prove the corpus delicti of aiding and abetting independent of defendant's extra-judicial confession? The trial court answered this question of first impression in Michigan in the negative and denied defendant's motion to suppress the confession. Following trial by jury, defendant was found guilty and appeals of right.

Joe Swetay was last seen alive when he closed his store tavern late at night May 1, 1971. It was his custom to put all receipts from the store tavern in a money bag which he would take home with him upon closing. He was found dead the next morning lying face down in the bedroom fully clothed, lights and TV on, blood spewed about the room. His wallet lay on the bedroom chair, its contents, *sans* cash, strewn nearby. His left rear trouser pocket had been cut off, and his body was punctured in many places. The dresser drawers were open with articles lying half in and half out; and none of the day's receipts or the money bag, nor any money at all found in the house. The safe in the bedroom had not been opened. Three people rolled the safe out of the house where it was taken to a locksmith who opened it. It did not contain the last day's receipts, but did contain between $27,000 and $28,000. One of decedent's sons testified that his father had the habit of carrying large sums of money in his wallet in his back trouser pocket.

Some five years later, on May 18, 1976, while defendant was being investigated by a grand jury in connection with criminal activity not related to the death of Joe Swetay, defendant made a series of statements implicating himself in the Swetay

homicide.[1] In these statements, all given after defendant was given full *Miranda*[2] warnings, defendant stated that one Wayne Wilson offered him $10 to drive Wilson and a friend, "Nutty", to Swetay's home to rob it; that defendant accepted the offer and acted as a lookout while Wilson and "Nutty" committed the robbery, picking up "Nutty" and meeting at Wilson's home after the robbery. A tape of defendant's statement made June 1, 1976, was admitted into evidence. Prior to trial, defendant moved to suppress the statements and quash proceedings on grounds that the statements were involuntary.

In January, 1977, defendant was charged with murder during the perpetration of a robbery or attempted robbery, and following preliminary examination in February, 1977, was bound over to circuit court on the offense charged.

Following a *Walker*[3] hearing in September 1977, the motion to suppress was denied. Trial by jury commenced October 4, and continued through October 20, 1977. After deliberating one and one-half hours, defendant was found guilty of aiding and abetting a robbery felony murder and, on December 27, 1977, was sentenced to a term of mandatory life.

Based upon the long established rule that the corpus delicti must first be established before admissions or confessions of the accused may be put in evidence, *People v Swetland,* 77 Mich 53, 63; 43

---

[1] Defendant gave statements on six different occasions (1) May 18, 1976, before he testified before the grand jury; (2) on May 18, 1976, after he testified at the grand jury; (3) and (4) May 19, 1976, at 1 p.m. and 8 p.m.; and (5) and (6) June 1, 1976, at 10 a.m. and on tape at 2:50 p.m.

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[3] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

NW 779 (1889), *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), defendant argues that, except for his confession as set forth in the several statements described earlier, the prosecution failed to independently prove: (a) a robbery had occurred, or (b) aiding and abetting. *Ergo,* contends defendant, the state failed to independently prove the corpus delicti. As to assertion (a), defendant is correct on the law but is wrong on the facts.

At both the preliminary examination and trial, sufficient evidence was produced to establish the corpus delicti of robbery, an essential element of the offense charged. All of the facts surrounding the discovery of the deceased's body indicate a robbery. Deceased's empty wallet, normally carried in his rear trouser pocket, was found without cash, its other contents strewn about the room. The day's receipts from the deceased's business and the bag used by deceased to carry the receipts home were missing. The deceased's trouser pocket in which he carried the wallet had been slashed away. Dresser drawers in the bedroom were open, with their contents strewn about, and, though deceased had a gun and a knife, neither were ever found. The only evidence contradicting robbery was the unopened safe which had been left in deceased's home. But this evidence was contradicted by the fact that the safe was bulky and heavy and difficult to open even if one knew the combination. Based upon these undisputed facts, we find that independently of the accused's statements armed robbery was established.

The question posed in defendant's assertion (b) is more difficult to resolve and is of first impression. In order to convict a person as an aider and abettor, is it necessary to establish the corpus delicti of aiding and abetting *sans* the confession?

Citing Judge (now Justice) LEVIN's dissenting opinion in *People v Allen,* 39 Mich App 483, 496; 197 NW2d 874 (1972), adopted in full by the Supreme Court in *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), defendant argues that *both* the principal crime of robbery-murder and the separate and distinct crime of aiding and abetting must be established by proof independent of defendant's confession. Specifically, defendant relies on that portion of the opinion stating that *all the essential elements of the offense* must be established apart from the confession:

"[T]he law in this state is clear that the *corpus delicti* of an offense is not established until the people have introduced evidence from which the trier of fact may reasonably find that acts constituting *all the essential elements* of the offense have been committed and that someone's criminality was responsible for the commission of those acts." (Emphasis in the original.)

*First,* in *Allen,* defendant was convicted of felony murder during the perpetration of a robbery. Unlike the situation in the instant case, there was no evidence of the underlying felony (robbery) apart from the confession. Thus, strictly construed, *Allen* holds no more than that where the defendant is charged with robbery-murder, the underlying felony of robbery must be established apart from the defendant's confession.

*Second,* the significant difference in the penalty for conviction of first-degree or second-degree murder constituted a sound basis for Justice LEVIN's decision that the distinguishing element between them, *viz:* premeditation or a killing in the course of committing certain named felonies, be established by evidence apart from the confession. But, in the case before us, there is no difference in

penalty between the crime of robbery and the offense of aiding and abetting a robbery. Under MCL 767.39; MSA 28.979, every person concerned in the commission of a felony is equally guilty whether he directly commits the offense or aids or abets in its commission.

*Third,* the policy behind the corpus delicti rule is to insure that the crime has occurred. As Justice LEVIN noted, since confessions are sometimes obtained under circumstances that make them suspect, "evidence, other than the defendant's statements, that the charged offense has been committed by someone—not necessarily the defendant" is required. *Allen, supra,* 505. Because there is no likelihood that a felony murder has not been committed *by someone* in the instant case, it is not necessary to establish defendant's aiding and abetting by independent evidence. It is sufficient that the corpus delicti of the principal crime, *viz:* a killing during the course of a robbery, was established by independent evidence.[4] Though defendant contends that one may not be found guilty as an aider or abettor unless there is proof that he intended to rob or kill or knew that his fellow participants so intended, one becomes an aider and abettor criminally responsible for the acts of his principals when he knows that the actual perpetrators had the required intent to lie in wait and rob the victim. *People v Wirth,* 87 Mich App 41, 46-47; 273 NW2d 104 (1978).

Defendant contends that the trial court erred when, following the *Walker* hearing, it found defendant's several extra-judicial statements voluntary. This Court in *People v Hummel,* 19 Mich App 266, 270; 172 NW2d 550 (1969), described the

---

[4] Defendant was not charged or bound over to circuit court on a charge of aidng and abetting. At trial, the jury was instructed on aidiŋg and abetting.

standard of review of *Walker* hearings as the "clearly erroneous test". The *Hummel* Court further explained the standard of review by stating that this Court would give deference to the trial court's findings, especially where the demeanor of the witnesses is important, as where credibility is a major factor. In the present case, the trial judge had a superior opportunity to judge the credibility of the witnesses at the *Walker* hearing, and thus deference should be given to his finding that the witnesses for the prosecution were more credible than the defense witnesses.

Although there were several questioning sessions, there was no evidence that defendant at any point absolutely refused to talk with Officer Reeves or anyone else, and he was read his *Miranda* rights prior to each questioning session. Furthermore, no physical threats were made to defendant, and defendant suffered no physical harm except perhaps some hunger on one occasion. Generally, defendant was offered food and he did accept it. Defendant's medical problems were mild and he made no complaints about them prior to June 1, 1976. The trial judge, at the close of the *Walker* hearing, made detailed findings and concluded that defendant's statements were voluntary. This Court concludes that the trial judge's findings were not clearly erroneous.

Nineteen photographs were offered in evidence and 18 were admitted. Defendant argues that all 18 should have been excluded because they shed no light on any disputed issue and served only to prejudice the jury.[5] In particular, objection is made to photographic exhibits 8, 10, 11 and 14. We disagree. To begin with, the exhibits were not

[5] Defense counsel objected to exhibit 16 and subsequently the prosecutor withdrew the exhibit. No objection was made to the remaining 18 photographs.

color photographs but were black and white. Thus, the bloodstains were hardly inflammatory. Further, the exhibits were helpful—in fact necessary —to establish the corpus delicti of robbery-murder which, as we have noted earlier, could not be established by the accused's confessions. Exhibit 11 does not depict the victim's body, but shows a severed telephone cord and chair; exhibit 8 shows the pulled-out filing cabinet drawers and articles strewn about; exhibit 10 focuses on the severed rear trouser pocket; exhibit 14 is an enlargement of exhibit 8. In our opinion, the photographs were more probative than prejudicial. Accordingly, we fault neither the trial court for ruling them admissible, nor defense counsel for failing to object to their admission.

Defendant's remaining contentions of error are found without merit.[6]

Affirmed.

---

[6] Defendant claims that the nonparolable life sentence required for conviction of felony murder, MCL 750.316; MSA 28.548, is unconstitutional because it (a) violates due process; (b) violates defendant's right against cruel and unusual punishment, and (c) is a violation of separation of powers. Constitutionality of the felony murder statute has been sustained in *People v Bills,* 53 Mich App 339, 357; 220 NW2d 101 (1974), and *People v Hall,* 396 Mich 650, 658; 242 NW2d 377 (1976).