PEOPLE v MEDINA

Docket No. 43690. Submitted June 2, 1980, at Lansing.—Decided September 5, 1980.

Defendant, Victor S. Medina, was convicted in Saginaw Circuit Court of felony murder, Fred J. Borchard, J. Defendant appeals, contending that there was insufficient evidence submitted at the preliminary examination to bind him over on a charge of felony murder because there was no showing that the victim was killed during the perpetration or attempted perpetration of an armed robbery as alleged by the prosecutor. He also contests the admission of evidence of prior assaults by him shortly before the homicide, the admission of blood-type evidence, and the impeachment by the prosecutor of prosecution witnesses called during the trial. *Held:*

1. The primary function of the preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it. The standard of review is whether, as a matter of law, the examining magistrate clearly abused his discretion in binding the defendant over. The magistrate in this case did not err in binding defendant over. There was sufficient evidence produced at the preliminary examination to conclude that a robbery was committed, that the victim was killed during the perpetration thereof and that there was probable cause to believe defendant committed the crime.

2. Defendant's argument that testimony of a bartender was improperly admitted is not subject to appellate review since the testimony was not objected to at trial. Absent manifest injustice, matters not objected to at trial are not preserved for appellate review. There was no miscarriage of justice on the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 442.5, 443.

[2] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*
   21 Am Jur 2d, Criminal Law § 450.

[3] 5 Am Jur 2d, Appeal and Error §§ 553, 557.

[4] 31 Am Jur 2d, Expert and Opinion Evidence § 128.

[5] 81 Am Jur 2d, Witnesses §§ 624, 627 *et seq.*

facts. The testimony was properly admitted as part of the *res gestae*.

3. Testimony of a forensic serologist that blood found on defendant's clothes and in the automobile in which defendant was riding matched that of the victim but not the blood of the defendant or his companions was properly admitted as evidence that the blood originated from the victim.

4. During his case in chief, the prosecutor called four witnesses and was allowed, over objection, to impeach the witnesses via prior testimony. Under MRE 607(2)(C), a party may impeach his own witness if the witness's testimony is contrary to that which the calling party had anticipated and was actually injurious to the calling party's case. The witnesses' testimony in this case was different than the favorable testimony the prosecutor expected, the testimony was injurious to the people's case and the people were misled by the witnesses and thereby prejudiced. The questioning of the witnesses was properly allowed.

Affirmed.

1. CRIMINAL LAW — PRETRIAL PROCEDURE — PRELIMINARY EXAMINATION — PROBABLE CAUSE.

The primary function of the preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it.

2. COURTS — APPELLATE COURTS — MAGISTRATES — ABUSE OF DISCRETION — STANDARD OF REVIEW.

One of the functions of an appellate court is to determine whether, as a matter of law, an examining magistrate clearly abused his discretion in binding a defendant over for trial.

3. CRIMINAL LAW — APPEAL — FAILURE TO OBJECT — MANIFEST INJUSTICE.

Absent manifest injustice, matters not objected to at a criminal trial are not preserved for appellate review.

4. CRIMINAL LAW — EVIDENCE — EXPERT TESTIMONY — SEROLOGISTS.

It was not error for the trial court to admit testimony of a serologist in a murder trial where the purpose of the testimony was to exclude the defendant as the source of the blood found on his clothing and in the automobile in which he was riding and where the testimony was used as evidence that the blood originated from the victim.

5. Witnesses — Impeachment of Own Witnesses — Rules of Evidence.

A prosecutor may impeach a witness whom he has called if the witness's testimony is contrary to that which the prosecutor had anticipated and is actually injurious to the prosecutor's case (MRE 607[2][C]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Patrick M. Meter,* Chief Assistant Prosecuting Attorney, for the people.

*John A. Lydick* and *Steve Sonenberg,* Assistant State Appellate Defenders, for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and G. R. Corsiglia,* JJ.

Per Curiam. Following a nonjury trial, defendant was found guilty of felony murder, contrary to MCL 750.316; MSA 28.548, on October 30, 1978. On December 4, 1978, defendant was sentenced to life imprisonment. He appeals as of right.

Defendant argues that the evidence submitted at the preliminary examination was insufficient to bind him over on a charge of felony murder. Specifically, defendant claims the evidence is insufficient to establish a robbery, an essential element of the offense. The primary function of the preliminary examination is to "determine if a crime has been committed and, if so, if there is probable cause to believe the defendant committed it". *People v Duncan,* 388 Mich 489, 499; 201 NW2d 629, 633 (1972). The standard of review in such matters was set forth in *People v Paille #2,* 383 Mich 621, 627; 178 NW2d 465, 468 (1970), wherein the Court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

emphasized that it is the function of an appellate court to determine whether, as a matter of law, the examining magistrate clearly abused his discretion in binding the defendant over.

Applying that standard to the case at bar, we hold that the magistrate did not err in binding defendant over. Defendant was charged with feloniously killing Terry Leroy Cooper in the perpetration or attempted perpetration of an armed robbery. Sufficient evidence was produced at the preliminary examination to bind defendant over on this charge. Testimony indicated that the victim was known to be carrying his billfold just prior to departing with defendant's group. The victim was seen alive with this group approximately one-half hour before he was found stabbed and left to die on the roadside. No billfold or wallet was found on his person or in the immediate area. The various injuries inflicted upon the victim were indicative of a struggle. Defendant was seen carrying a butcher knife several times during the course of the evening. The dimensions of the fatal stab wound were consistent with the size of the butcher knife. These circumstances and others lead to the conclusion that a robbery was committed and that the victim was killed during the perpetration thereof. *People v Terlisner,* 96 Mich App 423; 292 NW2d 223 (1980), *People v Spalla,* 83 Mich App 661, 666; 269 NW2d 259, 261 (1978).

Defendant next argues that testimony regarding a bar room incident prior to the alleged crime was improperly admitted.

At trial, a bartender testified that defendant engaged in a scuffle with another bar patron shortly before midnight on the night of the homicide. After defendant had knocked the patron off his chair, the bartender expelled defendant and

his group from the premises. No objection was lodged by defendant at the time the testimony was introduced. Absent manifest injustice, matters not objected to at trial are not preserved for appellate review. *People v Stinson,* 88 Mich App 672, 674; 278 NW2d 715, 716 (1979). We find no miscarriage of justice on these facts. The testimony was properly admitted as part of the *res gestae* because it shed light on defendant's acts, conduct, and demeanor just prior to the incident, the identity of the group he was with, and the sequence of events. *People v Henderson,* 25 Mich App 28, 32; 180 NW2d 903, 905 (1970), *People v Savage,* 225 Mich 84, 86; 195 NW 669 (1923).

 Defendant also argues that the trial court erred in admitting testimony by a forensic serologist to the effect that blood found on defendant's clothes and in the automobile defendant was riding in matched that of the victim but did not match the blood of defendant or his companions.

In support of his claim, defendant relies on *People v Sturdivant,* 91 Mich App 128; 283 NW2d 669 (1979). *Sturdivant,* a rape case, involved testimony that 80% of the general population secretes their blood type in their body fluids and 20% do not. Based on tests, it was revealed that both the complainant and defendant Sturdivant were nonsecreters. This Court held that the evidence was improperly admitted because it was used solely for the purpose of including the defendant in a class of possible defendants (20% of the general population).

We reject defendant's argument. This holding is not to be construed as an approval or disapproval of *Sturdivant, supra,* (except for Judge KELLY, the writer of *Sturdivant* who still approves it). Rather, we distinguish *Sturdivant* from this case because

the blood-type evidence in the present case was not used solely to include defendant in a large possible group of defendants but to exclude defendant and his companions as sources of the blood found in the automobile and on its occupant's clothing; it was used as evidence that the blood originated from the victim. This testimony was properly admitted.

Finally, defendant argues that the technique used by the prosecutor in questioning and impeaching his own witness was reversible error.

During his case in chief, the prosecutor called four witnesses to testify to the events immediately before, during, and after the slaying of Terry Cooper. At trial, each witness was unresponsive when asked questions about the details of the incident. The prosecutor was allowed, over defendant's objection, to impeach the witnesses via prior testimony.

The conditions under which a party may impeach his own witness are set forth in MRE 607:

"The credibility of a witness may be attacked by
"(1) an opposing party; or
"(2) the calling party if
"(A) the calling party is the prosecutor and he is obliged to call the witness,
"(B) in a civil case, the witness is an opposite party or employee or agent of an opposite party, or
"(C) the witness's testimony was contrary to that which the calling party had anticipated and was actually injurious to the calling party's case."

The people argue that impeachment was proper under MRE 607(2)(C). We agree.

The record demonstrates that the witnesses' testimony was different than the favorable testimony the prosecutor expected. In prior proceed-

ings, the witnesses vividly described defendant's involvement in the brutal stabbing of Terry Cooper. However, at trial the same witnesses were unresponsive and reluctant to reconstruct the details. Their testimony was "actually injurious" to the people's case. MRE 607(2)(C). The people were misled by the witnesses and thereby prejudiced. *People v Sherman Hall,* 77 Mich App 456, 460; 258 NW2d 517, 519-520 (1977).

Affirmed.