PEOPLE v. NORMAN

CRIMINAL LAW—TRIAL—INSTRUCTIONS TO JURY—LESSER INCLUDED
   OFFENSES—ARMED ROBBERY.
   Refusal of trial court to instruct jury as requested on lesser in-
   cluded offenses of larceny from the person and assault with
   intent to rob while armed in trial for robbery armed *held*
   error, where the evidence was sufficient to support a conviction
   of the principal crime charged, since evidence warranting a
   conviction on the main charge does not preclude a conviction
   on either of the lesser included offenses.

Appeal from Genesee, Parker (Donn D.), J. Submitted Division 2 April 2, 1968, at Lansing. (Docket No. 3,175.) Decided December 2, 1968. Leave to appeal denied February 19, 1969. 381 Mich 802.

Sonny Norman was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler, Paul G. Miller, Jr.,* and *Dennis C. Karas,* Assistant Prosecuting Attorneys, for the people.

*Edwin H. Rabin,* for defendant.

LESINSKI, C. J. On May 11, 1966, the complainant was alone at work as a cook in a restaurant. Ac-

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 796, 800.

cording to her testimony, defendant entered the restaurant shortly after midnight. Holding his hand under his coat to give the impression that he had a weapon, defendant threatened the complainant, pushed her toward the cash register and demanded that she give him whatever money it contained. He also demanded her wristwatch, and taking the money and the watch, he fled.

Defendant was convicted of armed robbery.[1] At trial, defense counsel requested that the court instruct the jury on certain lesser offenses which he claimed were included in the offense of armed robbery. Defense counsel objected to the instructions as given specifically because the trial court failed to instruct the jury on larceny from the person[2] and assault with intent to rob while armed.[3] From the refusal of the trial court to instruct the jury on these two offenses, defendant appeals.

The duty of a trial judge to instruct the jury on lesser offenses is stated in *People* v. *Stevens* (1968), 9 Mich App 531, 533, 534:

"Where a request has been made to charge on a lesser, included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430. If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468.

"Where no request to charge on the lesser offense has been made but evidence exists to support a

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).
[2] CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589).
[3] CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

conviction of the lesser offense, the trial judge may, *sua sponte,* instruct on the lesser offense. *People* v. *Milhem* (1957), 350 Mich 497. If, however, no such evidence exists and no request has been made, failure of the trial court to instruct on a lesser offense is not error. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052)."

Larceny from the person is a lesser offense included in the offense of armed robbery where there is evidence tending to show the lesser offense. *People* v. *Kolodzieski* (1927), 237 Mich 654; *People* v. *Covelesky* (1921), 217 Mich 90. See also, *People* v. *Gould* (1968), 15 Mich App 83. Included also is assault with intent to rob while armed. *People* v. *Blanchard* (1904), 136 Mich 146. See, also, *People* v. *Baxter* (1928), 246 Mich 229. Since the requested instructions were proper and timely objection was made to the refusal of the trial court to instruct the jury as requested, the key question is whether evidence was presented to support a conviction for larceny from the person and assault with intent to rob while armed.

At trial, the complainant testified as follows:

"*Q.* And did you see any object in his hand?
"*A.* No. He kept his hand under his coat.
"*Q.* Well, will you describe for the jury how he held his hand under his coat?
"*A.* He had his hand under his jacket like this (indicating). He told me to give him all the money out of the cash register, less he would kill me, so I gave it to him.
"*Q.* Now, when he made this statement with his hand under his coat like that, how close was he to you?
"*A.* He was about this close to me (indicating).
"*Q.* And, I believe, you stated that he pushed you, is that correct?
"*A.* He pushed me, yes.

"*Q*. And at the time that he pushed you, where was his hand?

"*A*. It was still under his jacket.

"*Q*. And which hand was that, right or left?

"*A*. It was his right hand, under his jacket, and he pushed me like that (indicating).

"*Q*. And in which direction did he push you?

"*A*. He pushed me back.

"*Q*. And what was in back of you, if anything?

"*A*. The stove is behind me. The register, the cash register sets between the stove and the refrigerator, with the work bench.

"*Q*. Now, did he say anything else to you at the time that he pushed you?

"*A*. He told me to open the cash register and give him all of the money, so I did.

"*Q*. And how much money did you give him?

"*A*. Nine dollars.

"*Q*. And in what denominations?

"*A*. He told me to give him my watch, so I did.

"*Q*. Just a minute. The money now, what type of money was it?

"*A*. It was a one dollar bill, some quarters, dimes and nickels.

"*Q*. And about your watch, what did he say about that?

"*A*. He told me to give him my watch, so I pulled it off and gave it to him."

In our opinion this testimony as evidence supports a conviction for both larceny from the person and assault with intent to rob while armed. Even though the evidence introduced by the people, if believed, showed that defendant was guilty of armed robbery, this does not, as plaintiff urges, preclude a conviction of a lesser offense. *People* v. *Blanchard, supra.*

Reversed and remanded for a new trial.

T. G. Kavanagh and Foley, JJ., concurred.