## PEOPLE v. JOURDAN

CRIMINAL LAW—DUE PROCESS—CONFESSION—INTERROGATION OF DE-
FENDANT—RIGHT TO ASSISTANCE OF COUNSEL.

Admission into evidence of confession of defendant to the crime charged after being questioned by police, at which time he had been advised of his right to remain silent, that anything he said could and would be used against him in court, and that he was entitled to an attorney, who would be furnished if he could not afford to employ one, but who had not been advised that interrogation would cease at his request and that he was entitled to counsel during interrogation *held,* reversible error as deprivation of due process.

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 December 4, 1968, at Lansing. (Docket No. 3,804.)   Decided December 19, 1968.

James M. Jourdan was convicted of breaking and entering.   Defendant appeals.   Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Harvey R. Dean,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309, **313.**
29 Am Jur 2d, Evidence §§ 555–557.

Per Curiam. Defendant was tried by a jury on April 12 and 13, 1967, and convicted of breaking and entering, MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305). Thereafter, he was sentenced. His appeal attacks the admission of his oral confession at trial.

This attack is based on the following facts: Defendant was questioned by the police October 5, 1965, at which time he was advised of his right to remain silent, that anything he said could and would be used against him in court, that he was entitled to an attorney and an attorney would be furnished to him if he could not afford to employ one. Defendant was not advised that interrogation would cease at his request and that he was entitled to counsel during interrogation, as required by *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694). *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882), made *Miranda* applicable to trials commenced after June 13, 1966.

Although the trial court determined defendant's confession voluntary and admissible after a *Walker* hearing, this court is bound by the *Miranda* doctrine. *People* v. *Whisenant* (1968), 11 Mich App 432.

Reversed and new trial ordered.

T. G. Kavanagh, P. J., and Quinn and Miller, JJ., concurred.