PEOPLE v. CARGILE

1. Criminal Law—Indigent Defendant—Right to Counsel—County Expense.

An indigent defendant's right to a court-appointed attorney does not give him the right to select any attorney that he desires at county expense.

2. Criminal Law—Trial—Adjournment—Attorney and Client.

Adjournment of a trial is unnecessary whenever a defendant expresses dissatisfaction with his court-appointed attorney for the first time at the opening of trial.

3. Robbery — Armed Robbery — Assault — Lesser Offenses — Instructions to Jury — Request for Instructions — Evidence.

Failure of trial court to instruct the jury *sua sponte* as to the lesser included offense of assault with intent to rob being armed is not sufficient to reverse a conviction of armed robbery where the record discloses no request for such an instruction and no evidence presented to support a conviction of the lesser offense (MCLA §§ 750.89, 750.529).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 5, 1970, at Detroit. (Docket No. 7,933.) Decided December 1, 1970.

Robert Cargile was convicted of armed robbery. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] Constitutionally protected right of indigent accused to appointment of counsel in state court prosecution. 93 ALR2d 747.
Accused's right to counsel under the federal constitution. 18 L Ed 2d 1420.
[1, 2] 21 Am Jur 2d, Criminal Law § 318 et seq.
[3] 53 Am Jur, Trial §§ 796–798.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Perlman & Garber (Gilbert A. Donohue,* of counsel), for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

AGER, J. Defendant was found guilty by a jury of the crime of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). On appeal defendant raises two claims of error.

First, defendant claims that he was not offered effective assistance of counsel during his trial. Immediately before the selection of a jury, defendant's attorney informed the court that a possible conflict of interest existed between his client and himself. Defendant expressed dissatisfaction with his court-appointed attorney. The trial judge proceeded with trial after defendant declined to represent himself. Defendant had not availed himself of the opportunity to obtain private counsel, nor did he request additional time to obtain private counsel.

An examination of the record discloses no "conflict of interest" which in any way interfered with defendant's attorney adequately representing him. There was no prejudice to the defendant because of any alleged difference of opinion he may have had with his attorney.

There is no claim that defendant's attorney did not adequately represent him at trial. In fact the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

record indicates that defendant was competently represented by his court-appointed attorney throughout the trial.

An indigent defendant's right to a court-appointed attorney does not give him the right to select any attorney that he desires at county expense. Defendant's objection to his court-appointed attorney was raised for the first time as the jury was about to be selected. It would be unfair to the witnesses who have been called to testify and to the people of the State of Michigan and its attorneys, and to all others involved in the trial, as well as interfering with the orderly process of the court proceedings, if it were held to be necessary to adjourn a trial whenever a defendant expressed his dissatisfaction with his court-appointed attorney at the opening of trial. This would certainly add to the backlog of cases.

Defendant also claims that instructions given to the jury were insufficient as the court, *sua sponte*, did not instruct as to the lesser included offense of assault with intent to rob being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). An examination of the record discloses that there was no request for such an instruction, nor was there evidence presented to support a conviction of the lesser offense. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Stevens* (1968), 9 Mich App 531; *People* v. *Norman* (1968), 14 Mich App 673; MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052).

Affirmed.

All concurred.