PEOPLE v. McCLURE

1. CRIMINAL LAW—EVIDENCE—RES GESTAE—SEPARATE CRIME SHOWN.
    Evidence of the occurrence of a separate crime presented during the presentation of the *res gestae* of the crime defendant is on trial for is not inadmissible.

2. CRIMINAL LAW—EVIDENCE—RES GESTAE—SEPARATE CRIME—ACQUITTAL—RELEVANCY.
    The defendant's acquittal of a separate crime, even though evidence of the crime had been shown during the presentation

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  29 Am Jur 2d, Evidence §§ 320, 321, 332, 333.
[3]  21 Am Jur 2d, Criminal Law §§ 333, 334, 336, 337.
    58 Am Jur, Witnesses § 621.
[4]  21 Am Jur 2d, Criminal Law §§ 357–359, 362, 367.
[5–9]  5 Am Jur 2d, Appeal and Error §§ 657 *et seq.*, 891.
[8, 9]  5 Am Jur 2d, Appeal and Error § 778.
[10]  40 Am Jur 2d, Homicide §§ 45, 50, 51.

of the *res gestae* of the crime for which the defendant was on trial, is not relevant to the current charge, the occurrence of the separate crime, reflecting on the defendant's motive and intent, is relevant, not his acquittal.

3. WITNESSES — CREDIBILITY — CROSS-EXAMINATION — LIMITATION — DISCRETION.

Trial court may exercise broad discretion in placing limitations on cross-examining a witness where an effort is being made to attack the witness's credibility.

4. CRIMINAL LAW—DEFENDANT'S STATEMENTS—WAIVER RIGHTS— EXPRESS WAIVER.

A defendant's statement may be used against him even though he did not expressly waive his constitutional rights before making the statement if he has been first advised of his rights and in addition has signed an acknowledgment that he has been informed of his constitutional rights.

5. TRIAL—INSTRUCTIONS TO JURY—OBJECTION—TIMELINESS—APPEAL AND ERROR.

Error may not be assigned to a jury charge unless objection is made before the jury retires (GCR 1963, 516.2).

6. APPEAL AND ERROR—INSTRUCTIONS TO JURY—TIMELY OBJECTION— MANIFEST INJUSTICE.

An appellate court may note and correct instructions to the jury which err with respect to basic and controlling issues in a case where manifest injustice would result, even though no objection to the instructions was made before the jury retired.

7. APPEAL AND ERROR—INSTRUCTIONS TO JURY—STANDARD OF REVIEW.

Error cannot be established by one portion of the instructions to the jury separated from the whole charge unless that portion prejudices the entire charge.

8. CRIMINAL LAW—APPEAL AND ERROR—STANDARD OF REVIEW.

The test on review of a criminal case is not whether there were some irregularities, but whether the defendant had a fair trial.

9. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR— STANDARD OF REVIEW.

The test on review of instructions to the jury in a criminal case is not whether there were some irregularities, but whether the defendant had a fair trial.

10. HOMICIDE—MURDER—MALICE—EVIDENCE.

> Admission of evidence that the defendant, on trial for murder, had assaulted the murder victim three days before the murder occurred was not reversible error where the evidence was used to show the defendant's malice and motive for committing the murder.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 December 10, 1970, at Detroit. (Docket No. 6257.) Decided January 18, 1971. Leave to appeal denied July 9, 1971. 385 Mich 761.

Otis McClure was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia Pernick Boyle,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit) for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

HOLBROOK, J. Defendant was charged with first-degree murder, MCLA § 750.316 (Stat Ann 1954 Rev § 28.548), having assaulted one Jean Crawford on May 6, 1967, inflicting mortal wounds from which she languished and died on January 18, 1968. He was found guilty in the Recorder's Court for the City of Detroit by a jury of second-degree murder, MCLA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

§ 750.317 (Stat Ann 1954 Rev § 28.549) on July 2, 1968. He takes this appeal as of right.

Testimony taken at trial showed that the deceased and the defendant had been dating. On May 6, 1967, defendant entered the decedent's residence, which was the home of her mother, Mrs. Pauline Perkins. In addition to the deceased and her mother, several other people were also present. A few minutes after entering the home the defendant produced a sawed-off shotgun which had been concealed under his coat and shot one of the occupants of the house, Edsel Chatman. After the defendant shot Chatman, he struggled with the deceased's mother who was trying to keep him separated from her daughter, who had run into the basement after the shooting or was pushed into the basement by defendant who locked the door after him. A second shot was fired in the basement.

The police were called and when they arrived on the scene, they entered the basement through the back door of the house, which was open. The door leading to the kitchen was still closed at that time. When the police entered the basement they found the decedent lying in a pool of blood, the shotgun broken into three pieces and thrown into a wastebasket and a hole in the basement wall where a shotgun blast had been recently fired. Defendant was not present. The decedent was removed to the hospital where an examination revealed that she had sustained several severe blows on her head from a blunt object. She was subjected to brain surgery on May 6, 1967, and again on May 29, 1967. She languished in a coma for many months and died on January 18, 1968.

The defendant called police headquarters on three occasions beginning about 6:30 p.m. on May 6, 1967, stating that he wished to give himself up, and an

officer went to the location specified by defendant and arrested him at that place.

At trial, the theory of the prosecution was that defendant and the deceased had been romantically involved and had quarreled. Defendant thought that the deceased was becoming involved with Edsel Chatman, so he proceeded to the Perkins' residence, shot Chatman, then chased the deceased into the basement, locking the door behind him. In the basement, he fired at the deceased and missed, hitting the wall. He then used the empty shotgun as a club, striking the deceased several times about the head. He then threw the shotgun into the wastebasket and fled through the rear door of the house.

The defense presented the theory that Edsel Chatman had produced the shotgun and had attempted to shoot the defendant and, in the ensuing struggle over the gun, Chatman was shot. Defendant then proceeded to the basement with the deceased's mother. He fired the remaining shell in the shotgun into the wall because he was leaving the gun for the police. After firing the shell, he left the basement of the Perkins' home through the back door and at that time the deceased was lying across the bed crying and was not injured in any way. Defendant also testified that at the time he left the basement the shotgun was still intact.

The defendant raises several issues which we discuss in order.

I

Did the trial court err in the conduct of the trial?

Defendant claims that the trial court erred by allowing extensive testimony as to the alleged assault on Edsel Chatman by defendant and then failing to allow the defendant to show that he had, in fact, been acquitted of that charge by a jury. Further, that the

trial court committed error by restricting the cross-examination of the state's witnesses on two occasions.

The record reveals that the court did not err in the conduct of the trial. The allegation made by defendant as to the court's failure to allow proof that defendant was acquitted of the charge of assaulting Edsel Chatman is not a proper statement of the law of Michigan. The leading case on point is *People v. Kowatch* (1932), 258 Mich 630, where it was held that if in the presentation of the *res gestae* of one crime, the prosecution shows a commission of another crime, evidence of the occurrence of the separate crime is not inadmissible. See also *People v. Andriacci* (1968), 11 Mich App 482. Thus the test is whether or not the assault on Edsel Chatman was shown during the presentation of the *res gestae* of the fatal assault on Jean Crawford. The record shows clearly that the first assault occurred so closely in time as to be a part of a continuous transaction and the facts surrounding the assault on Jean Crawford could not be presented without showing the assault on Edsel Chatman. The rule of *Kowatch, supra,* would thus apply and the evidence would be admissible. The fact that defendant was acquitted on that charge is not relevant to the fact of its occurrence. For it is its occurrence which would bear on the motive and intent of the defendant, *People v. Andriacci, supra,* not whether or not the defendant was acquitted on the charge. The *res gestae* constitutes substantive evidence and may properly be considered by the jury in determining guilt or innocence.

The allegation of the defendant as to the trial court's restriction of cross-examination of state witnesses also fails to provide grounds for reversal. The limitation on cross-examination of witnesses falls in an area of broad discretion of the trial court

where an effort is being made to attack a witness's credibility. *People* v. *Lewis* (1970), 25 Mich App 132. The record reveals no abuse of discretion on the part of the trial court in either instance where error has been assigned by defendant. The answer to the question to which the court sustained an objection was not material and the refusal to allow defense counsel on recross-examination to go over every word of a witness's statement was the result of a determination by the court that it would be repetitive. The record supports such finding. There is no error here.

## Ia

Was the statement of defendant inadmissible at trial due to an inadequate statement of defendant's right to counsel or failure on the part of defendant to specifically waive his right to counsel during questioning?

Defendant asserts that a damaging statement made by defendant was admitted into evidence as a part of the prosecution's case. Prior to making the statement defendant was informed that he "had a right to have an attorney present before he answered any questions". He argues that because an accused must be specifically informed of his right to have counsel present during questioning, such a warning violates the mandate of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), and thus would preclude the use of any such statement at trial. *People* v. *Whisenant* (1968), 11 Mich App 432, and *People* v. *Whisenant* (1969), 19 Mich App 182; *People* v. *Ansley* (1969), 18 Mich App 659.

Also, that it was necessary for the people to show that defendant specifically waived his right to counsel. All the record discloses is that the defendant

did not ask for counsel prior to making a statement. *People* v. *Limon* (1966), 4 Mich App 440.

Defendant's contentions as to the sufficiency of compliance with the holding of *Miranda* v. *Arizona,* *supra,* are clearly answered by reference to recent Michigan case law. This Court, in *People* v. *Bynum* (1970), 21 Mich App 596, construed the *same form* as signed by defendant to fairly apprise an accused that he had the right to counsel during interrogation. The issue as to waiver was settled against the contention made by defendant in *People* v. *Matthews* (1970), 22 Mich App 619, where it was held that no express waiver was required after an accused had been advised of his rights. Defendant's argument on the issue of waiver is further weakened by the fact that the Michigan case of *People* v. *Limon, supra,* upon which he relies has been specifically overruled by the case of *People* v. *Lauderdale* (1969), 17 Mich App 191. The use of the statement of the defendant thus was not barred by any *Miranda* violation.

## II

Did the trial court err in the intructions to the jury?

Defendant asserts that the trial court erred in several areas of the charge to the jury in that it did not instruct at all on the limited purpose for which evidence of an alleged assault by defendant upon deceased some three days before the alleged murder could be used. Errors are also claimed in the portions of the charge that the weight and credibility of defendant's statement were within the jury's province, in the charge that malice could be implied, and the portion of the charge dealing with circumstantial evidence.

It is the rule in Michigan that error may not be assigned to a jury charge unless objection is made

before the jury retires. GCR 1963, 516.2. Defense counsel was properly afforded the opportunity at trial to raise any objections that he might have. Not having objected, he is precluded from claiming error on appeal. *People* v. *Dexter* (1967), 6 Mich App 247; *People* v. *Bradshaw* (1969), 16 Mich App 348. There is however, a limited exception to this rule and this Court may note and correct instructions which err in respect to basic and controlling issues in a case where "manifest injustice" would result. This review may be had even though no timely objection was raised before the jury retired. *People* v. *Leonard E. Smith* (1968), 15 Mich App 173; *People* v. *Bell* (1969), 19 Mich App 257.

In order to test instructions, they must be read in their entirety. Error cannot be established by one portion separated from the whole charge unless that portion would prejudice the entire charge. *People* v. *Robinson* (1968), 11 Mich App 162.

A review of the record in this case shows that the defendant's requested instructions were given verbatim by the court. At the close of the charge both counsel indicated their satisfaction with the court's instructions. A review of the instructions shows that the court gave a fair statement of the position of the parties as to the facts and the law applicable thereto. The test on review of a criminal case is not whether there were some irregularities, but whether the defendant had a fair trial. *People* v. *Mosley* (1953), 338 Mich 559; *People* v. *Boyles* (1968), 11 Mich App 417. That standard also applies to a jury charge. *People* v. *Wichman* (1968), 15 Mich App 110. The record showing a fair statement of the law and the theories of both prosecution and defense, we feel that no error can be assigned to the charge on appeal.

Defendant claims that this Court must reverse the jury determination because of the failure of the trial court to charge the jury as to the limited purpose for which the evidence of the prior assault by defendant upon deceased that took place three days before the alleged murder could be considered.

This evidence was introduced to show malice and to explain the motive that prompted defendant to commit the crime charged. Malice and motive may properly be shown by such evidence as tending to prove the elements of the crime. No objections were made to the testimony, no requests for a limiting instruction were proffered by the defendant, and no objections to the instructions as given were made as provided by GCR 1963, 516.2.

For the reasons stated in our decision in the case of *People* v. *Anderson* (1968), 13 Mich App 247, we determine that no reversible error was committed by the trial court in failing to so instruct the jury. Also see, *People* v. *Nawrocki* (1965), 376 Mich 252 and *People* v. *Stevens* (1970), 25 Mich App 181.

Affirmed.

All concurred.