PEOPLE v. CRUTHIRD

CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO TERMINATE INTERRO-
GATION.
   An accused person does not have to be advised that police inter-
      rogation will cease at his request; it is necessary only that
      police interrogation cease whenever he indicates his desire to
      remain silent.

Appeal from Allegan, Chester A. Ray, J. Sub-
mitted Division 3 January 6, 1971, at Grand Rapids.
(Docket No. 8523.) Decided January 27, 1971.

Howard Cruthird was convicted of manslaughter.
Defendant appeals. Affirmed.

*Roper, Meyers & Hann,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and
T. M. BURNS, JJ.

PER CURIAM. Defendant was found guilty by a
jury of manslaughter, CL 1948, § 750.321 (Stat Ann
1954 Rev § 28.553), and was sentenced to a term of
5 to 15 years in prison. He appeals that conviction.
   Defendant, prior to trial, made two confessions,
one of which was reduced to writing. Prior to these

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 555–557.
Necessity of informing suspect of rights under privilege against
   self-incrimination, prior to police interrogation. 10 ALR3d
   1054.

confessions, he was advised of his right to remain silent, that anything he said "can and will be used against him", and his other *Miranda* rights. *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). Defendant asserts that he was not advised that he could terminate any interrogation at any time and contends that the failure to so advise him precludes the admission of his statements at trial, citing *People* v. *Jourdan* (1968), 14 Mich App 743.

This Court, in *People* v. *Tubbs* (1970), 22 Mich App 549, held that the ruling in *Jourdan, supra,* that *Miranda* required that a defendant be advised that interrogation would cease at his request, was dictum. The *Tubbs* court further held that *Miranda* requires only that interrogation cease whenever an individual indicates his desire to remain silent, but does not require that an individual be advised that interrogation will cease at his request. This being the only attack upon the admissibility of the confession, the trial court properly allowed it into evidence.

Affirmed.