## PEOPLE v. GILLEYLEM

1. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO COUNSEL.
   Advising an accused that he may have an attorney present *before* questioning is sufficient to fairly apprise an accused that he has a right to counsel *during* interrogation.

2. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO REMAIN SILENT.
   Finding that the defendant was informed of the right to remain silent prior to being questioned by the police was not erroneous where a police officer said that he gave the defendant the warning before questioning and no testimony or evidence was produced to contradict the officer's testimony.

3. HOMICIDE—FIRST-DEGREE MURDER—EVIDENCE—SUFFICIENCY.
   Sufficient evidence existed to support a verdict of first-degree murder where defendant, age 36, lived part of the time with the deceased, her 73-year-old affluent landlord, the landlord was found dead in the shared apartment, the defendant, the

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation.  10 ALR3d 1054.
[2] 29 Am Jur 2d, Evidence § 582 *et seq.*
[3] 40 Am Jur 2d, Homicide § 425 *et seq.*

morning after the murder, was either on her way out of state or out of state, witnesses testified that the defendant was in the building when the deceased is presumed to have died, the deceased's empty wallet was found on the roof outside of the defendant's apartment, witnesses testified that the defendant had approached them with various offers if they would assist in murdering the victim, and the defendant's properly admitted out-of-court statement established a false marriage between the defendant and another elderly man, who used the victim's name for the purpose of giving the defendant the widow's share on the deceased's death.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 June 10, 1971, at Grand Rapids. (Docket No. 9692.) Decided June 22, 1971. Leave, to appeal denied, 386 Mich 757.

Lulabelle Gilleylem was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*James S. Brady,* for defendant on appeal.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

R. B. Burns, P. J. Defendant was convicted by a jury of first-degree murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

On appeal defendant presents three issues:

1. Whether statements given by the defendant to the police on June 24, 1968, should be declared inadmissible at trial according to *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) because the police failed to advise her of the right to have an attorney present during the questioning.

2. Whether the statement given by the defendant to the police on March 6, 1969, should be declared inadmissible at trial according to *Miranda* v. *Arizona* because the defendant was not advised of her right to remain silent.

3. Whether there was sufficient evidence to convict beyond a reasonable doubt.

# I

Following a hearing, pursuant to *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, the trial judge admitted into evidence certain statements made to police officers while she was in custody.

The police officers advised defendant prior to taking the June 24, 1968 statement: "You may have this attorney present here before answering any questions".

Defendant contends this statement is inadmissible because the police failed to advise defendant of her right to have an attorney present *during* the questioning.

There is no violation of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

To advise an accused that he may have an attorney present before questioning is sufficient "to fairly apprise an accused that he had the right to counsel *during* interrogation". *People* v. *McClure* (1971), 29 Mich App 361; *People* v. *Bynum* (1970), 21 Mich App 596.

# II

The precise command of *Miranda* (at 479) requires that:

"He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used in a court of law."

This warning was omitted in the transcribed testimony of the police officer in the early part of the *Walker* hearing. When this fact was brought to the attention of the court the officer was personally questioned by the trial judge in an effort to clarify if the "remain silent" warning had or had not been given.

"*The Court:* Will you relate Mr. Treviso what you told her again on March of 1965——?

"*A.* Upon advising an individual of their rights my opening statement always——

"*The Court:* No, no, no. The question is what did you tell her?

"*A.* I told her she had the right to remain silent * * * ."

Admission of the statement into evidence clearly indicates the court believed the right to remain silent warning had been given to the defendant. No testimony or evidence is produced which contradicts the court's finding that defendant was told she had a right to remain silent.

On such a record it is impossible for this Court to rule that the finding of fact of the trial court was clearly erroneous. GCR 1963, 517.1; *People* v. *Walker* (1967), 6 Mich App 600; *People* v. *Kelly* (1971), 30 Mich App 154.

### III

Defendant, age 36, lived part of the time with her affluent landlord, Joshua Haynes, age 73. Haynes was found dead at their shared apartment on March 23, 1968. Witnesses testified that defendant was present in the building at the time the deceased is presumed to have died. At the time the body was discovered, the following morning, defendant was out of town, either in or on her way to

Chicago, Illinois. Defendant's properly admitted extrajudicial statement of March 6, 1969, established a false marriage between defendant and another elderly man, alias Haynes, for the purpose of giving her a widow's share should Haynes die. Witnesses testified that defendant had approached them with various offers if they would assist in the murder of Haynes. Deceased's empty wallet was found on the roof outside of defendant's separate apartment.

Inferences of guilt may be drawn from circumstantial evidence which if well authenticated can be as effective as direct evidence. *People* v. *Eaves* (1966), 4 Mich App 457; *People* v. *Iron* (1970), 26 Mich App 235.

There is sufficient evidence, both real and circumstantial, if believed by the jury to establish motive, intent, and opportunity to murder and to justify a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Weems* (1969), 19 Mich App 553.

Affirmed.

All concurred.