## PEOPLE v LULA WATKINS

1. CRIMINAL LAW—EVIDENCE—HEARSAY—RES GESTAE EXCEPTION—
STANDARDS.

The standard for admission of statements under the excited
utterance or res gestae exception is (1) that there is a startling
occasion, startling enough to produce a nervous excitement and
render the utterance spontaneous and unreflecting; (2) that the
statement must have been made before there has been time to
contrive and misrepresent; and (3) the statement must relate to
the circumstances of the occurrence preceding it.

2. CRIMINAL LAW—APPEAL AND ERROR—WALKER HEARING—INDEPEN-
DENT DETERMINATION—VOLUNTARINESS AND WAIVER—CREDIBIL-
ITY OF WITNESSES—CLEAR ERROR.

The Court of Appeals is required upon appeal to examine the
record of a Walker hearing and make an independent determi-
nation on the issues of voluntariness and waiver, but due
regard must be given to the trial court's unique opportunity to
judge the credibility of the witnesses, and the trial court's
findings will be reversed on appeal only if clearly erroneous.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—ADVIS-
ING OF RIGHTS—INTERROGATION.

A defendant was adequately advised of her right to counsel
during interrogation where the interrogating officer informed
her *inter alia* that she had the "right to an attorney or lawyer
present before answering any questions or making any state-
ments", and that she could decide to exercise these rights at
any time.

4. HOMICIDE—SECOND-DEGREE MURDER—MANSLAUGHTER—ASSAULT—
INSTRUCTIONS TO JURY—APPEAL AND ERROR—INCLUDED OF-
FENSES—REQUEST BY COUNSEL—OBJECTION.

A court has no duty to instruct a jury in a trial for second-degree

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 708, 722, 731.
[2] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[3] 21 Am Jur 2d, Criminal Law § 312 *et seq.*
[4] 39 Am Jur 2d, Homicide §§ 525, 532–535.

murder or manslaughter on the lesser included offense of assault with intent to do great bodily harm less than murder where there was no request by counsel for such instruction nor objection on this ground, and the Court did not affirmatively exclude lesser included offenses from the jury's consideration.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 March 7, 1975 at Detroit. (Docket No. 18534.) Decided April 7, 1975.

Lula M. Watkins was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *John C. Mouradian,* Assistant Prosecuting Attorney, for the people.

*Fieger, Golden & Cousens,* for defendant.

Before: ALLEN, P. J., and McGREGOR and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. The defendant was convicted of manslaughter, MCLA 750.321; MSA 28.553, by a jury trial in Wayne County Circuit Court. Subsequently, she was sentenced to a term of 1 to 15 years in prison.

On April 19, 1973, between 10 p.m. and 10:30 p.m., the defendant's husband, Tommie Watkins, received a fatal gunshot wound. Police officers arrived on the scene a short time later and then drove him a short distance to the hospital.

On appeal defendant raises three issues which, she contends, justify the reversal of her conviction; the admission of testimony by a police officer as to a statement made by the victim sometime after he

was shot, the admission of a statement made by the defendant at the police station, and the failure of the trial court to give *sua sponte* an instruction on the lesser included offense of assault with intent to do great bodily harm less than murder.

Between 15 and 45 minutes after he was shot, as the victim was lying on a hospital cart about to receive an emergency operation, he told a police officer, *inter alia,* that his wife had shot him. The exact time lapse involved is difficult to establish because of conflicting testimony.

Defendant sought, prior to trial, to exclude this testimony as hearsay. The trial court denied this motion on the ground that the statement was properly admissible under the res gestae exception to the hearsay rule.

The standard for admission of statements under the res gestae or excited utterance exception is stated in *People v Thomas,* 14 Mich App 642, 646; 165 NW2d 879 (1968):

" '(1) that there is a startling occasion, startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it.' "

The facts of *Thomas* are very similar to those of the instant case. After a time lapse of 30 to 40 minutes, a man who had been stabbed managed to make a statement to the police. The application of the three factors in that case is persuasive that no error was committed in the admission of the statement in this case.

First, the fact that the declarant had been wounded fatally is a sufficiently startling occasion

to produce nervous excitement. Second, although in some circumstances 45 minutes may be enough time to reflect and fabricate, there was no such opportunity in this case. The victim was in pain and at times appeared unconscious and in a state of shock. Undoubtedly, he had lost a great deal of blood. Defendant's argument that the decedent carried on an intelligent conversation as he was driven to the hospital is not supported by the record. Under these facts the trial court did not abuse its discretion in determining that there had been no opportunity to contrive and misrepresent. Third, the declarant's statement related to the immediate facts surrounding the startling event.

Defendant's second assignment of error is the admission of incriminating statements by the defendant to police about an hour after the shooting. Among other things, the defendant stated that she had shot her husband after they had had an argument and that she had not meant to do it. Upon defendant's motion to suppress the statement, a hearing was held under the dictates of *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965). The trial court determined that the statement was voluntarily given.

In reviewing the trial court's holding, an appellate court is required to examine the *Walker* hearing record and make an independent determination on the issues of voluntariness and waiver. *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974). On the other hand, regard must be given to the trial court's unique opportunity to judge the witnesses' credibility, and the trial court's findings will be reversed on appeal only if they are found to be clearly erroneous. *People v Gilbert,* 55 Mich App 168; 222 NW2d 305 (1974).

It is unnecessary to detail the testimony by the

defendant, her daughter, and the policeman who talked with her at the police station. It is sufficient to note that their testimony conflicts substantially on the circumstances of the officer advising her of her constitutional rights, her waiver of those rights, and her physical and emotional condition at the time of the statement.

We have made a thorough and independent examination of the record of the *Walker* hearing. We find that there was a considerable basis for accepting the police officer's version of the facts and that the trial court's conclusion of voluntariness was not clearly erroneous. Under his version, he read the defendant her constitutional rights; she in turn read the form herself and then signed it in his presence. When she made the statement she appeared to be sober, to understand what she was saying, and was not influenced by promises or threats of any kind. He denied that he told her it would be necessary for her to make a statement concerning the alleged crime solely for police records. Under these circumstances, the statement was properly admitted. For a complete review of the law in this area see *People v Swan, supra.*

Defendant's related assertion is that her constitutional rights were advised in an impermissibly vague form in that she was not informed of her right to have an attorney present during interrogation. The officer informed the defendant *inter alia* that she had the "right to an attorney or lawyer present before answering any questions or making any statements" and that she could decide to exercise these rights at any time. This satisfies the requirements of *People v Gilleylem,* 34 Mich App 393; 191 NW2d 96 (1971).

Finally, defendant contends that the trial court's instructions to the jury fatally omitted the lesser included offense of assault with intent to do great bodily harm less than murder. Defendant cites

*People v Fountain,* 392 Mich 395; 221 NW2d 375 (1974), as establishing a new rule of law requiring trial courts to give instructions on lesser included offenses in cases like the present one.

Our reading of *Fountain* does not discover such a principle. The Court there held that the trial court's refusal, *after a request had been made,* to charge on a lesser included offense was reversible error where the record contained evidence which would support such a conviction. 392 Mich at 401–402.

In the present case, the defendant made no request that the trial court instruct on the offense of assault with intent to do great bodily harm less than murder. Additionally, the defendant did not object to the instructions on this ground. Thus, she is now prevented from claiming as error the omission of such a charge. See GCR 1963, 516.2. The court did not affirmatively exclude lesser included offenses from the jury's consideration in violation of *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970). See *People v Kelly,* 51 Mich App 28; 214 NW2d 334 (1973).

Even assuming defendant's failure to request the instruction is not fatal, the trial court nevertheless did not err since, from the factual theories presented by both sides, the jurors could not have reasonably inferred that the offense of assault with intent to do great bodily harm less than murder was committed. The prosecution's case was based upon second-degree murder or manslaughter, and the defendant contended throughout the trial that the killing was accidental. Without evidence of the defendant's intent to seriously harm her husband without killing him, no instruction would have been proper. See *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974).

Since we can find no error in the defendant's trial her conviction is affirmed.