PEOPLE v HERBERT SMITH

PEOPLE v HAINES

Docket Nos. 55835, 57238.—Decided April 1, 1976. Rehearing denied as to Haines 396 Mich 991.

Herbert V. Smith, Jr., was convicted in Recorder's Court of Detroit, Thomas L. Poindexter, J., of unarmed robbery. After his conviction was affirmed by the Court of Appeals (34 Mich App 205 [1971]), defendant filed a delayed motion for new trial in the trial court. The motion was denied and the Court of Appeals, R. B. Burns, P. J., and D. E. Holbrook and T. M. Burns, JJ., denied application for delayed appeal (Docket No. 18758).

Charles M. Haines was convicted in Recorder's Court of Detroit, Samuel C. Gardner, J., of armed robbery. The Court of Appeals, V. J. Brennan, P. J., and McGregor and Walsh, JJ., affirmed in a per curiam opinion (Docket No. 20380).

Defendants apply for leave to appeal to the Supreme Court, asserting error in the failure of the trial court to instruct the jury on lesser included offenses. *Held:*

In prosecutions other than for first-degree murder, a general request for instructions to the jury on the "lesser included offenses" is not a sufficient request to make failure to instruct reversible error. The trial judge must rely on requests from counsel in carrying out his responsibility to instruct the jury, and he must receive more assistance than a mere general request.

Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Gerard A. Poehlman* and *Ronald P. Weitzman,* Assistants Prosecuting Attorney, for the people.

Herbert V. Smith, Jr., *in propria persona.*

*Carl Ziemba* for defendant Haines.

PER CURIAM. The appeals of Herbert Van Smith, Jr., and Charles Haines present the question of what the trial judge must do when defense counsel merely requests that he instruct on "the lesser included offense".

Smith was convicted of unarmed robbery. His attorney said, "I am asking the court to charge the lesser included offenses", without telling the judge what offenses he wished the jury instructed upon. The trial judge instructed the jury on only two possible verdicts, guilty as charged or not guilty. Smith now argues that the trial judge should have instructed on larceny from the person.

Haines was convicted of armed robbery. His attorney said, "We are requesting that the included offenses, that they be given", also without further elaboration. Haines now argues that the trial judge erred in not presenting unarmed robbery for the jury's consideration.

A trial judge must *sua sponte* instruct on the lesser included offense of second-degree murder in a first-degree murder prosecution. *People v Jenkins,* 395 Mich 440, 442; 236 NW2d 503 (1975). In other prosecutions,[1] the failure to instruct on lesser included offenses is not reversible error "absent requests for such instructions before the jury retires to consider its verdict". *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975). The issue is not preserved, however, by a general request for an instruction on the "lesser included

---

[1] In a case we held in abeyance for *Jenkins, supra,* however, defendant was charged with first-degree murder and his counsel requested instruction on "the lesser offenses". We concluded that this was sufficient to require an instruction on second-degree murder and entered an order reducing the degree of the conviction to second-degree while reserving to the prosecutor, as in *Jenkins,* a right to move before resentencing for a new trial on first-degree murder. *People v Aaron,* 396 Mich 843 (1976).

offenses".[2] We have recognized that the trial judge must rely on requests from counsel in carrying out his responsibility to instruct the jury. *Henry, supra.* He must receive more assistance from counsel than a mere request for an instruction on lesser included offenses to make his failure to so instruct reversible error.[3]

Defendants did not sufficiently preserve the issue. In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we therefore affirm the judgments of the Court of Appeals.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred.

RYAN, J., took no part in the decision of this case.

---

[2] *See, e.g., People v Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975): "Had the judge not instructed at all on manslaughter, there would be no reversible error, because no request for instruction *on manslaughter* was made." (Emphasis added.)

[3] In *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), for example, we reversed the defendant's conviction where defense counsel specifically requested an instruction on the lesser included offense of attempted armed robbery, and the request was denied.