PEOPLE v JOHNSON

Docket No. 78-612. Submitted November 2, 1978, at Grand Rapids.—
Decided May 23, 1979.

Robert Johnson was convicted of unarmed robbery, Recorder's
Court of Detroit, Michael J. Connor, J. The defendant appeals,
alleging 1) that the *Miranda* warnings given him failed to
inform him of his right to have counsel present during interro-
gation and that reversible error occurred when the prosecution
introduced at trial an inculpatory statement made by defen-
dant after he had received the allegedly defective *Miranda*
warning, and 2) that the trial judge committed reversible error
by failure to instruct on the offense of assault with intent to
rob while armed as a necessarily lesser included offense of the
original charge of armed robbery. *Held:*

1. The officer advised the defendant that he "had the right to
have an attorney present". This language was adequate to
inform the defendant that he had the right to counsel during
interrogation and conforms to the *Miranda* requirements. Ad-
mission at trial of the defendant's inculpatory statement was
proper.

2. Absent a proper request, failure to give an instruction on a
necessarily lesser included offense is not error, except for
second-degree murder in a first-degree murder case. Defense
counsel's nebulous reference to "the assaults" was too equivocal
to apprise the trial court of the specific lesser included offense
instruction desired. There was no error in failing to give an
instruction on assault with intent to rob while armed.

Affirmed.

D. E. HOLBROOK, J., dissented. He would agree with the
majority's disposition of the *Miranda* issue. However, as to the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 314, 317.
   Duty to advise accused as to right to assistance of counsel. 3 ALR2d
1003.
[2] 67 Am Jur 2d, Robbery § 7.
[3-5] 75 Am Jur 2d, Trial §§ 876, 877.
   Effect of failure, or refusal of court, in robbery prosecution to
instruct on assault and battery. 58 ALR2d 808.

second allegation of error, pertaining to instructions on lesser included offenses, he would hold that while defense counsel may not have been too clear as to what specific instructions he wanted, between his statements and those of the prosecutor, the trial judge was put on notice that he should give an instruction on attempted armed robbery.

He would vacate the defendant's conviction and would rule that a conviction for attempted armed robbery should be entered, with the prosecutor having the option of seeking a new trial.

### Opinion of the Court

1. Criminal Law — Constitutional Law — Right to Counsel — Advising of Rights — Interrogation.

   A defendant was adequately advised of his right of counsel during interrogation where the interrogating officer informed the defendant *inter alia* that he "had the right to have an attorney present".

2. Robbery — Lesser Included Offenses — Armed Robbery — Assault with Intent to Rob While Armed.

   Assault with intent to rob while armed is a necessarily lesser included offense of armed robbery.

3. Criminal Law — Instructions to Jury — Necessarily Lesser Included Offenses — Request for Instructions.

   Failure to give an instruction on a necessarily lesser included offense constitutes reversible error where the instruction has been properly requested; absent a proper request, failure to instruct on a necessarily lesser included offense is not error, except for failure to give an instruction on the lesser offense of second-degree murder in a trial for first-degree murder.

4. Criminal Law — Instructions to Jury — Lesser Included Offenses — Requests for Instructions — Specificity.

   A defendant's requests for instructions to the jury on lesser included offenses must be sufficiently definite and unequivocal to apprise the trial court of what instructions it is being asked to give; a trial court did not err in refusing to instruct on lesser included offenses where defense counsel's oral requests for instructions were equivocal, failing to specify with clarity upon what lesser included offenses he wanted the jury instructed.

CONCURRENCE IN PART, DISSENT IN PART BY D. E. HOLBROOK, J.

5. ROBBERY — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES
   — REQUEST FOR INSTRUCTIONS.
   *An instruction on the lesser included offense of attempted armed robbery should have been given to the jury in an armed robbery case where, between the defendant's unclear request for instructions concerning "the assaults" and the assistant prosecutor's explanation, the trial court was put on notice that such an instruction should be given by the trial court.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert E. Edick,* Assistant Prosecuting Attorney, for the people.

*Robert E. McCall,* for defendant on appeal.

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

PER CURIAM. Defendant appeals of right his July 5, 1977, jury conviction of unarmed robbery, MCL 750.530; MSA 28.798.

Defendant first argues that *Miranda* warnings given him by an arresting officer failed to inform him of his right to have counsel present during interrogation, contrary to *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). According to defendant, reversible error occurred when the prosecution introduced at trial an inculpatory statement made by defendant after he had received the allegedly defective *Miranda* warnings.

One of the arresting officers in the case at bar testified as follows regarding his giving of *Miranda* warnings to defendant:

---

*Circuit judge, sitting on the Court of Appeals by assignment.

"Q. What specific rights did you advise the Defendant of and prior to him making this statement? I want you to tell us exactly.

"A. I told him he had the right to remain silent, that anything he said could and would be used against him in a court of law; that he had the right to have an attorney present. If he could not afford an attorney, one would be provided him by the court."

It is defendant's contention that the police officer's statement that defendant "had the right to have an attorney present" failed to inform him of his right to counsel *during interrogation* and therefore did not comply with *Miranda.*

In *Miranda,* pp 470-472, the Court stated:

"Thus, the need for counsel to protect the Fifth Amendment privilege comprehends not merely a right to consult with counsel prior to questioning, but also to have counsel present during any questioning if the defendant so desires.

\* \* \*

"Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead. Only through such a warning is there ascertainable assurance that the accused was aware of this right."

A review of published Michigan decisions reveals none in which the specific language now complained of was analyzed. Consequently, we look for guidance to those cases involving language similar to that here at issue.

In *People v Whisenant,* 11 Mich App 432, 434, 437; 161 NW2d 425, 426, 428 (1968), a police officer's statement to the defendant that " 'he was entitled to an attorney, that if he could not afford an attorney the court would appoint an attorney' " was held inadequate under *Miranda* to inform that defendant "of his right to have counsel, retained or appointed, present during questioning and the giving of his statement". Similarly, in *People v Ansley,* 18 Mich App 659, 662-663; 171 NW2d 649, 650-651 (1969), the defendant was informed that " 'he had a right to have an attorney before he said anything, and that if he couldn't afford an attorney, the court would appoint one before he said anything' ", and was further told, " 'I advise you you have a right to counsel; and I further advised him if he didn't have the money to procure counsel, the court would appoint him one' ". This warning was also found inadequate under *Miranda* and *Whisenant.* Finally, this Court, relying on *Whisenant,* reversed the defendant's conviction in *People v Jourdan,* 14 Mich App 743, 744; 165 NW2d 890 (1968), where that defendant was advised that "he was entitled to an attorney and an attorney would be furnished to him if he could not afford to employ one", but was not told that "interrogation would cease at his request and that he was entitled to counsel during interrogation".

By contrast, this Court in *People v Gilleylem,* 34 Mich App 393, 395; 191 NW2d 96, 97 (1971), approved as adequate under *Miranda* a police statement to the defendant that " '[y]ou may have this attorney present here before answering any questions' ". Likewise, in *People v Lula Watkins,* 60 Mich App 124, 128; 230 NW2d 338, 341 (1975), the Court approved police advice that the defendant "had the 'right to an attorney or lawyer

present before answering any questions or making any statements' ''. See *People v McClure,* 29 Mich App 361; 185 NW2d 426 (1971), *People v Bynum,* 21 Mich App 596; 175 NW2d 870 (1970).

In view of the cited cases, the challenged language in the present case appears to us sufficiently comprehensive to pass appellate examination. We hold that police advice to defendant that he "had the right to have an attorney present" cannot reasonably be understood otherwise than as informing defendant of his right to counsel *during interrogation* and not merely at some subsequent trial. So considered, the language was adequate to "fairly apprise an accused that he had the right to counsel during interrogation" and thus conforms to the *Miranda* requirements. *People v McClure, supra,* at 368; 185 NW2d at 429. Admission at trial of defendant's inculpatory statement was therefore proper.

Secondly, defendant contends that the trial judge erred reversibly by failing to instruct the jury on the necessarily lesser included offense of assault with intent to rob while armed, MCL 750.89; MSA 28.284. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797. Prior to the trial court's charge to the jury, the following colloquy occurred:

*"The Court:* I will give robbery unarmed and larceny from a person as lesser included offenses.

*"Mr. Murphy [defense counsel]:* You won't give the assaults?

*"The Court:* I don't see where any of them in this case would be appropriate.

*"Mr. Murphy:* No attempt, then, either?

*"The Court:* The testimony is clear. The offense, whatever it was, was completed.

*"Mr. Murphy:* I'm not questioning the Court.

"*The Court:* I think there was a question here of identification, but the offense was made out by the complaining witness and is certainly a completed offense, whatever that is.

"*Mr. Weisberg [the assistant prosecutor]:* Your Honor, just to protect the record, it's my understanding that if in fact counsel is requesting attempt, you have to give it because it's a lesser included, a necessarily lesser included offense. It's not a cognitive *[sic];* it's necessarily lesser included.

"*The Court:* I don't have to give any lesser included offense unless it's made out by the testimony.

"*Mr. Weisberg:* That's only as to cognitive *[sic]* offenses, not necessarily. It seems to me in reading Chamblis that—

"*The Court:* No, I don't have to. Anything else?

"*Mr. Murphy:* No, your Honor."

Assault with intent to rob while armed is a necessarily lesser included offense of armed robbery. *People v Norman,* 14 Mich App 673; 166 NW2d 9 (1968). Failure to give an instruction on a necessarily lesser included offense constitutes reversible error where the instruction has been properly requested. Absent a proper request, failure to instruct on a necessarily lesser included offense is not error, except for second-degree murder.

This Court in *People v Bashans,* 80 Mich App 702, 705; 265 NW2d 170, 172 (1978), observed:

"*[People v Herbert Smith,* 396 Mich 362; 240 NW2d 245 (1976)] imposes upon defense counsel a requirement of specificity; requests for instructions on lesser included offenses must be sufficiently definite and unequivocal to apprise the trial court of what instructions it is being asked to give. For the present, at least, the trial judge may continue to rely on requests from counsel in formulating his instructions. *People v Henry,* [395 Mich 367, 374; 236 NW2d 489 (1975)], *People v*

*Herbert Smith, supra,* see generally, *People v Coles,* 79 Mich App 255; 261 NW2d 280 (1977)."

Even if we assume *arguendo* that the present issue has not been waived by defense counsel's trial comment that he was "not questioning the court", no error exists. Defense counsel's nebulous reference to "the assaults" was simply too equivocal to apprise the trial court of the specific lesser included offense instruction desired. The trial judge's failure to give an instruction on assault with intent to rob while armed was therefore not erroneous.

Affirmed.

D. E. HOLBROOK, J. *(dissenting in part and concurring in part).* This writer is in complete agreement with the fine opinion of the majority as to Issue No. I. However, as to Issue No. II, this writer is constrained to disagree as explained hereinafter.

Counsel for defendant requested instructions concerning "the assaults" and the court replied:

"I don't see where any of them in this case would be appropriate.

"*Mr. Murphy [defense attorney]:* No attempt, then, either?

"*The Court:* The testimony is clear. The offense, whatever it was, was completed.

"*Mr. Murphy:* I'm not questioning the Court.

"*The Court:* I think there was a question here of identification, but the offense was made out by the complaining witness and is certainly a completed offense, whatever that is.

"*Mr. Weisberg [assistant prosecutor]:* Your Honor, just to protect the record, it's my understanding that if in fact counsel is requesting attempt, you have to give it because it's a lesser included, a necessarily lesser

included offense. It's not a cognitive *[sic]*; it's necessarily lesser included.

"*The Court:* I don't have to give any lesser included offense unless it's made out by the testimony.

"*Mr. Weisberg:* That's only as to cognitive *[sic]* offenses, not necessarily. It seems to me in reading Chamblis that—

"*The Court:* No, I don't have to. Anything else?"

It appears to this writer that Mr. Murphy was stating that he was not questioning the court as to whether the testimony was clear, but he certainly didn't abandon his request for assault instructions and request for attempt instructions. Possibly taking Mr. Murphy's statements alone, it would not be too clear but with the assistant prosecutor's explanation, it appears to this writer the trial court was put on notice that he should give the attempt instruction, *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976).

Under the circumstances this writer would rule that the attempted armed robbery instruction should have been given. This writer would rule that the conviction must be vacated and a conviction for attempted armed robbery should be entered, and the defendant sentenced accordingly. However, if the prosecutor is of the opinion that justice would be better served by a new trial, the trial court should, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial. This writer so votes.